JACKSON, SECRETARY OF STATE, *v.* PITTSBURGH, FORT WAYNE AND CHICAGO RAILWAY COMPANY.

[No. 24,336.  Filed May 8, 1923.]

1. STATUTES.—*Retroactive.—When Have that Effect.*—A statute will have a retroactive effect only when the language of the statute imperatively requires that it should so operate. p. 165.

2. CORPORATIONS.—*Increase of Capital Stock.—Fee Due State.—Statute.*—The fee of one-tenth of one per cent. as provided in §9215 Burns 1914, Acts 1891 p. 84, requiring payment to the Secretary of State of a fee for filing a certificate of increase of the capital stock of a corporation is a tax on the right to exist as a corporation, and not a filing fee. p. 166.

3. RAILROADS.—*Increase of Capital Stock.—Statutes.*—Sections 5181 and 5319 Burns 1914, §§3890, 3931 R. S. 1881, providing methods of increasing the capital stock of railroad companies are not conflicting, but §5181 provides for the increase of capital stock for certain purposes and not exceeding certain amounts, and may be made in the manner prescribed in that section, and, in order to complete said increase, it is not necessary that a certificate thereof be filed in the office of the Secretary of State, while §5319 provides for the increase of the capital stock of such corporations by filing a certificate thereof with the Secretary of State. p. 166.

4. RAILROADS.—*Increase of Capital Stock.—Fee Due State.—Statute.—Application.*—Where a railroad company, prior to the enactment of the act of 1891, Acts 1891 p. 84, §9215 Burns 1914, increased its capital stock by vote of its board of directors, as authorized by §5181 Burns 1914, it was not required to pay a fee of 1/10 of one per cent. on such increase under §9215, which re-

quires the payment of such fee for the filing of certificates for increase of capital stock, although the certificate of such increase was filed after the enactment of such statute.  p. 166.

5.   RAILROADS.—*Organization.*—*By Purchasers at Judicial Sale.* —*Increase of Capital Stock.*—*Fees Due the State.*—*Statute.*— A railroad company incorporated under §§5325-5332 Burns 1914, §§3937-3944 R. S. 1881, which authorizes the purchasers of railroads sold at judicial sale to organize railroad companies, with power to issue capital stock to such aggregate amount as the company deems necessary, and provides that any such company may increase its capital stock to any aggregate amount not exceeding the limitation fixed by agreement with the persons forming the company, was not required to file a certificate of such increase with the Secretary of State, and an increase of stock made prior to the act of March 4, 1891 (§9215 Burns 1914) would not be subject to the tax provided therein. p. 167.

From Marion Circuit Court (32,005) ; *Louis B. Ewbank,* Judge.

Action by the Pittsburgh, Fort Wayne, and Chicago Railway Company against Ed Jackson, as Secretary of State of the State of Indiana.   From a judgment for plaintiff, the defendant appeals.   (Transferred from the Appellate Court under §1394 Burns 1914.)   *Affirmed.*

*Ele Stansbury,* Attorney-General, and *Edward M. White,* Assistant Attorney-General, for appellant.
*Pickens, Moores, Davidson & Pickens,* for appellee.

WILLOUGHBY, J.—This is a suit to enjoin appellant, as secretary of state, from delivering a check, or the proceeds thereof, to the treasurer of state of the State of Indiana and that he be enjoined from further refusing to file appellee's certificate of increase of its capital stock and from further withholding from appellee a check for $25,591 and the amount of said check for which check had been deposited with the Secretary of State to be by him held pending a judicial determination as to the sum required to be paid to the Secretary of

State upon the filing by appellee of its certificate of increase of capital stock.

The suit was commenced against William A. Roach, then Secretary of State, and upon his death, Ed Jackson, his successor in office, was substituted as defendant. The complaint alleges in substance that on February 28, 1862, the plaintiff was, by the purchasers of the railroad of the Pittsburgh, Fort Wayne, and Chicago Railroad Company, duly organized and incorporated under and in conformity to the provisions of an act of the General Assembly of the State of Indiana approved March 5, 1861, (Acts 1861 p. 149) entitled, "An Act to legalize, authorize and regulate the sale of, and to perfect the title of purchasers of railroads heretofore sold or hereafter to be sold by foreclosure or other proceeding in law or equity, and to enable them to organize corporations, and to exercise corporate and other powers, to provide for the payment of stock injured by such corporations, and to provide for the payment of Ticket and Freight balances," (§5325 Burns 1914, §3937 R. S. 1881), with a capital stock of $6,500,000, divided into 65,000 shares of the par value of $100 each.

The plan adopted by the said purchasers of the said Pittsburgh, Fort Wayne and Chicago Railroad, amongst other things, provided that the plaintiff, Pittsburgh, Fort Wayne and Chicago Railway Company, shall create and issue capital stock to the aggregate amount of $6,500,000; that an issue of first mortgage bonds shall be made, to an aggregate not exceeding $5,250,000, which shall be secured by a first lien upon said railway; that an issue of second mortgage bonds shall also be made, to an aggregate not exceeding $5,100,000, which shall be secured by a second lien upon said railway; and that an issue of third mortgage bonds shall be made, not exceeding $2,000,000, in the aggregate, which shall entitle the holder, after April 1, 1862, to such net earn-

ings, not exceeding seven per cent. per annum, as may have been made in each preceding year, after paying interest on prior mortgage bonds, but in priority to dividends on the stock or any expenditure other than such as might be necessary to maintain and renew the railway, its appurtenances and equipment; the application of such earnings to be secured by a trust deed; and said plan further provides that all of said first, second and third mortgage bonds shall entitle the holders thereof to vote at all meetings of the stockholders of said railway company, at the rate of one vote for every $200 of the par amount of such bonds.

After the incorporation of the plaintiff, as aforesaid, and in accordance with the provisions of said plan, certificates of shares of the capital stock of the plaintiff were duly issued in the aggregate amount of $6,-500,000, and first mortgage bonds, second mortgage bonds, and third mortgage bonds were duly made and issued by the plaintiff and secured as provided in said plan as aforesaid, and said bonds so made and issued were outstanding and in force on each and all of the dates of the increases of the capital stock of the plaintiff, as hereinafter alleged.

After the issuance of shares representing the original capital stock of $6,500,000, the capital stock of the plaintiff was, from time to time, prior to March 4, 1891, duly increased in the sum of $25,590,800, and certificates therefor issued and sold, so that on March 4, 1891, the capital stock of the plaintiff was $32,090,800, and thereafter, the plaintiff's capital stock was, from time to time, further duly increased in the sum of $67,909,200, and certificates therefor duly issued and sold, making the total amount of capital stock of plaintiff $100,000,000. All of said increases of capital stock by the plaintiff were duly authorized by the unanimous vote of the holders of all of the capital stock, from time

to time, outstanding, and of the holders of all of the bonds entitled to vote, from time to time, outstanding. The said increase of capital stock and the sale of the shares therefor were made for the purpose of obtaining funds for developing, improving, and enlarging the plaintiff's property and of making necessary additions and betterments thereto and thereon.

On April 1, 1919, the plaintiff presented to the defendant, for filing in his office, in accordance with the provisions of §5319 Burns 1914, §3931 R. S. 1881, a certificate, signed by the president and a majority of the directors, and attested by the secretary and seal of the plaintiff, stating the amount of the increases of plaintiff's capital stock as hereinbefore alleged, and therewith tendered to the defendant $67,909.20, the said amount being one-tenth of one per cent. on $67,909,200, the aggregate amount of the increase of the capital stock of the plaintiff from and after March 4, 1891, the date when the act of the General Assembly of the State of Indiana (§9215 Burns 1914, Acts 1891 p. 84) took effect, requiring the payment to the secretary of state of one-tenth of one per cent. for filing a certificate of increase of capital stock of any corporation, upon the amount of increased capital, where the amount is over $10,000; and also tendered to the defendant $1.50, his fee for filing said certificate. The defendant, on advice of the attorney-general of the State of Indiana, declined and refused to file said certificate, claiming that, to entitle the plaintiff to have the same filed, the plaintiff must pay, in addition to said $67,909.20, the sum of $25,590.80, being one-tenth of one per cent. on $25,590,800, the amount of the increase of the plaintiff's capital stock prior to March 4, 1891. The plaintiff, being advised by its counsel that it was not legally required to pay said additional sum of $25,590.80, in

order to entitle it to have said certificate filcd, declined to pay the same, and thereupon the said certificate, together with the check of the Pennsylvania Company, the lessee of the plaintiff, for $67,909, payable to the order of the defendant, was, by agreement of the plaintiff's representative and the defendant, deposited with the defendant, to be held pending a judicial determination as to the amount the plaintiff was lawfully required to pay for the filing of said certificate.

On December 23, 1919, the defendant still demanding that the plaintiff must pay said additional sum of $25,590.80 to entitle it to have said certificate filed, and the plaintiff still protesting that it is not lawfully required to pay said sum or any sum in addition to said sum of $67,909.20, theretofore tendered to the defendant as aforesaid, the plaintiff, under protest, delivered to the defendant the check of said Pennsylvania Company, payable to the order of the defendant, in the amount of $25,590.80, being one-tenth of one per cent. on the said sum of $25,590,800, and being the balance of the fee claimed by the defendant for the filing of said certificate of increase of capital stock of the plaintiff.

Plaintiff further says that, unless restrained and enjoined by the order and decree of this court, the defendant will deliver said check for $25,590.80, or the proceeds thereof, to the treasurer of state of the State of Indiana, and the plaintiff will thereby be unlawfully deprived of said sum and be irreparably damaged and the plaintiff is wholly without any adequate remedy at law.

There is a prayer that the defendant, his deputies, assistants, and agents be permanently enjoined from delivering said check or the proceeds thereof, or any part thereof, to the treasurer of state of the State of Indiana, or to any other officer, person or persons, and

that he be enjoined from further refusing to file said certificate and further withholding from the plaintiff the said check for $25,590.80, and the amount of said check, and that a temporary injunction issue herein, to remain in force until a final hearing can be had, and for all other proper relief.

The sufficiency of the complaint was tested by a demurrer, which being overruled, and defendant declining to plead further, judgment was rendered in favor of the plaintiff from which this appeal is taken. Overruling the demurrer is assigned as error.

It is claimed by appellant that the complaint does not state facts sufficient to constitute a cause of action because it shows that after the issuance of shares representing the original capital stock for $6,500,000, the capital stock of the plaintiff was, from time to time, prior to March 4, 1891, increased in the sum of $25,590,800, and certificates therefor issued and sold, so that on March 4, 1891, the capital stock of plaintiff was $32,090,800, and that no certificate showing such increase was filed with the secretary of state; therefore, no valid increase was made. Appellant further contends that the fees required by statute, §9215 Burns 1914, *supra,* to be paid when filing a certificate of increase of capital stock, are filing fees, without reference to the time when the increased capital stock was voted and issued. We quote the following from appellant's brief:

"Appellant contends that the state is entitled to this fee for two reasons, viz.: (1) The fee provided by section 9215 Burns R. S. 1914, is a filing fee and has no reference to the time when the increase was voted. It is a fee paid to the secretary at the time of the filing. (2) If it could be said that the fee exacted by the state is a charge for the right to increase the capital stock, then clearly the state is entitled to collect the fee in

this case, for there never was a valid increase (as between the state and the plaintiff) until the certificate of such increase was filed with the secretary of state, and the certificate having been filed on April 1, 1919, there never was a valid increase of capital until April 1, 1919. Therefore the fee in force April 1, 1919, is the fee which applies."

On May 11, 1852, a general statute providing for the incorporation of railroad companies, and prescribing their powers and duties, was approved. Section 35 of that act (§5319 Burns 1914, *supra*) is as follows: "Any railroad company may increase the amount of its capital stock, by filing in the office of the secretary of state a certificate stating the amount of such desired increase and the reasons or necessity for the same, signed by the president and a majority of the directors, and attested by the secretary and seal of such company."

On June 17, 1852, thirty-seven days after the approval of the general railroad statute, an act was approved, entitled, "an act to authorize railroad companies to increase the amount of their capital stock and to increase the number of the directors." Section 1 of that act is as follows: "Whenever any railroad company which may have been incorporated with a fixed amount of limitation of capital, or which may hereafter be organized, shall find it necessary to increase the same for the building, repair, equipment or conducting of its road, it shall be lawful for such company, by a vote of its board of directors, from time to time, to increase its capital stock to any amount by said board of directors deemed necessary, not to exceed the sum of fifteen thousand dollars a mile, exclusively for railroad purposes, inclusive of their original capital for the purposes aforesaid." §5181 Burns 1914, §3890 R. S. 1881.

While these two statutes were enacted and approved

on different dates, they were enacted at the same session of the legislature, and both became effective on the same date, May 6, 1853, on the publication of the Revised Statutes of 1852.

At the time these statutes went into effect, there was no law requiring railroad companies to pay any fee or tax to the state for or on account of increase of capital stock. Nor was there ever any such law in this state until the passage of the act of March 4, 1891. §9215 Burns 1914, *supra.*

A statute will have a retroactive effect only when the language of the statute imperatively requires the conclusion that it was the legislative intent that it
1. should so operate. *State, ex rel.* v. *Vandalia R. Co.* (1915), 183 Ind. 49, 108 N. E. 97.

The act of March 4, 1891, as supplemented by Acts 1895 p. 255 (§4045 Burns 1914) as amended by Acts 1911 p. 648 (§9215 Burns 1914, *supra*) contains no language indicating any legislative intent to make the act retroactive. It further appears that the act of March 6, 1911, amendatory of the act of March 4, 1891, contains a section providing as follows: "This act shall not be construed as having any retroactive effect or as an attempt to affect pending litigation, neither shall it be construed as meaning that the law before its passage was not the same as after it goes into force, its purpose being to render definite what has been claimed to be uncertain." Acts 1911 p. 648, §2.

It appears that the increase of capital stock of the plaintiff prior to March 4, 1891, amounted to $25,-590,800, and the fee demanded by the secretary of state for filing a certificate of the increase during said time amounts to $25,590.80. If the certificate of such increase had been filed before the passage of the act of March 4, 1891, the fee of one-tenth of one per cent.

provided for in §9215 Burns 1914, *supra,* would not have been paid; but under the act of 1891, as amended in 1911 (§9215 Burns 1914, *supra*) and the supplemental act of 1895 (§4045 Burns 1914, *supra*), this corporation was probably required to file a certificate of any increase of capital stock just as a corporation formed by the consolidation of other corporations was required to do.   The appellee offered for filing its certificate and offered to pay fees on the amount of the increase of capital stock which had been made since the act of March 4, 1891.

Our Supreme Court has decided that the fee of one-tenth of one per cent. as provided for in §9215 Burns 1914, *supra,* is a tax upon the right to exist as 2.   a corporation.   *Chicago, etc., Co.* v. *State, ex rel.* (1898), 153 Ind. 134, 51 N. E. 924.   This disposes of appellant's contention that it is a filing fee.

It is claimed by appellant that §§5319 and 5181 Burns 1914, §§3931, 3890 R. S. 1881, are conflicting and must be construed together and the only construction 3, 4.   which can be applied is that the increase of capital stock provided for in §5181 Burns 1914, *supra,* is not completed and not valid until a certificate has been filed with the secretary of state under §5319 Burns 1914, *supra.*   It does not appear to us that these sections of statute are conflicting.   One provides for one manner of increase and another provides for another manner of increase of the capital stock.   Each section is complete in itself.   Section 5181 Burns 1914, *supra,* provides for the increase of capital stock for certain purposes and not exceeding certain amounts and may be made in the manner described in that section; and in order to complete said increase it is not necessary that a certificate thereof be filed in the office of the secretary of state; while §5319 Burns 1914, *supra,* provides generally for an increase of capital stock of such

corporation. This construction leads to the conclusion that the increase of stock in question was complete before the passage of the act of March 4, 1891, and that act not being retroactive, no fee was due the state on account of such increase.

It will be noted in this case that the plaintiff corporation was organized under and in conformity to the provisions of an act of the General Assembly of the State of Indiana, approved March 5, 1861, Acts 1861 p. 149, §§5325-5332 Burns 1914, §§3937-3944 R. S. 1881. This act authorized the purchasers of railroads, sold by foreclosure or other proceedings in law and equity, to organize corporations and to exercise corporate and other powers. Section 1 of said act provides that the purchaser or purchasers of railroads under this act may form a corporation by filing in the office of the secretary of state a certificate under their or his signature, specifying the name of such corporation, the number of directors, the names of the first directors and the period of their service (not exceeding one year), the amount of original capital and number of shares into which such capital is to be divided. Section 2 provides that said corporation shall have power to issue capital stock to such aggregate amount as it shall deem necessary, not exceeding the limitations fixed by agreement with the persons forming said company. This act does not limit the issue of stock to the amount of original capital, but gives the power to issue capital stock to such aggregate amount as shall be deemed necessary, not exceeding the limitation fixed by agreement with the persons forming the company.

Under this act the corporation could increase its capital stock by an issue or issues of stock as provided in section 2 of said act and such corporation was not required to file a certificate thereof with the secretary of

state and such stock so issued prior to the act of March 4, 1891, would not be subject to the tax provision of the last named act.

There was no error in overruling the demurrer to the complaint.

Judgment affirmed.

Ewbank, J., not participating.