MALONE, ADMINISTRATOR, ETC. *v.* CONNER.

[No. 19,650. Filed April 18, 1963. Rehearing denied May 24, 1963. Transfer denied October 7, 1963.]

*Russell S. Armstrong,* of Evansville, for appellant.

*Bamberger, Foreman, Oswald & Hahn,* of Evansville, for appellee.

CLEMENTS, J.—This is an appeal from a judgment entered on an order of the Warrick Circuit Court sustaining a demurrer to the plaintiff-appellant's second amended complaint.

The appellant alleges that he is the duly appointed and acting administrator of the estate of Sylvester Malone, deceased; that his decedent was injured by the

negligence of the defendant-appellee on the 24th day of June, 1958, and that on November 10, 1960, he died from causes other than the personal injuries received June 24, 1958.

The legal question before this court is: Does §2-403, Burns' 1962 Cum. Supp., effective March 13, 1959, give a cause of action to the appellant, Leslie A. Malone, Administrator, for reasonable medical, hospital and nursing expenses, and loss of income from the date of injury to the date of death, granting that no such right of action existed at the time of the injury?

On June 24, 1958, the date of the injury, the governing statute read as follows:

> "All causes of action shall survive, and may be brought, notwithstanding the death of the person entitled or liable to such action, by or against the representative of the deceased party, except actions for personal injuries to the deceased party. . . . ." Acts 1955, ch. 257, §1, p. 666.

On March 13, 1959, the above statute was amended by adding the following:

> " . . . which shall survive only to the extent provided herein. . . . Provided, however, That when a person receives personal injuries caused by the wrongful act or omission of another and thereafter dies from causes other than said personal injuries so received, the personal representative of the person so injured may maintain an action against the wrongdoer to recover damages . . . only the reasonable medical, hospital and nursing expense and loss of income of said injured person, resulting from such injury, from the date of the injury to the date of his death." Acts 1959, ch. 309, §1, p. 786, 787.

Does the above statute, as amended and effective March 13, 1959, operate retroactively and become effective as of June 24, 1958, or is it prospective giving a

right of action to such injuries and death occurring after March 13, 1959?

Statutes are to be construed as having a prospective operation unless the language clearly indicates that they were intended to be retrospective. *City of Indianapolis, etc.* v. *Wynn et al.* (1959), 239 Ind. 567, 575, 157 N. E. 2d 828; *Chadwick, Treasurer* v. *City of Crawfordsville* (1940), 216 Ind. 399, 413, 24 N. E. 2d 937, 129 A. L. R. 469; *Jackson, Sec'y.* v. *Pittsburgh, etc., R. Co.* (1923), 193 Ind. 157, 165, 139 N. E. 320; *Tecumseh, etc., Mining Co.* v. *Buck* (1922), 192 Ind. 122, 130, 135 N. E. 481; *Hibler* v. *Globe Amer. Corp.* (1958), 128 Ind. App. 156, 166, 147 N. E. 2d 19.

Where retroactive operation of remedial statutes is necessary to carry out the purpose of the new law, *and no new rights are given* or existing rights taken away, and only a new remedy is afforded for the enforcement of an *existing right,* the statutes may be given a retroactive operation. A retroactive statute must not take away an existing right *or give a new right,* but can only provide a new remedy to enforce an existing right. See: 26 I. L. E., Statutes, §195, p. 379.

In *Herrick* v. *Sayler* (1957) (C. C. A. 7th), 245 F. 2d 171, at page 174, a diversity case in which the court looked to the policy of the law in Indiana, it is said:

"In other jurisdictions where the same general rules of statutory construction are followed as those followed by the Indiana courts and in cases quite similar to the instant case, statutes increasing liability have been denied retroactive operation. See *e.g., Field* v. *Witt Tire Co. of Atlanta, Ga.,* 2 Cir., 200 F. 2d 74 (Conn. Law); *Monroe* v. *Chase,* D.C.E.D. Ill., 76 F. Supp. 278 (Ill. Law); *Regan* v. *Davis,* 290 Pa. 167, 138 A. 751, 54 A. L. R. 1073; *Keeley* v. *Great Northern Ry. Co.,* 139 Wis. 448, 121 N. W. 167; *Theodosis* v. *Keeshin Motor Express*

*Co.,* 341 Ill. App. 8, 92 N. E. 2d 794; *Cf. United States* v. *Mashburn,* D.C. W.D. Ark., 85 F. Supp. 968. Although these decisions are obviously not controlling here, they are highly persuasive as to the rule Indiana should and would adopt."

On June 24, 1958, the date on which the decedent was injured, this appellee was exempted from liability in case the decedent died from causes other than his injuries of the above date.

The General Assembly, by an Act effective March 13, 1959, removed a part of this exemption, making a recovery possible against this appellee for reasonable medical, hospital and nursing expense and loss of income. This removal of a part of the exemption which the appellee had when considered under the rules of construction above outlined in the cases cited, and also the failure of the General Assembly to use language showing a clear indication of a retroactive operation, will not permit us to construe the Act as retrospective.

We, therefore, hold that the decision of the trial court sustaining appellee's demurrer should be affirmed.

It is so ordered.

Cooper, C. J., Carson and Ryan, JJ., concur.

NOTE.—Reported in 189 N. E. 2d 590.