HOLMES, ADMINISTRATRIX, ETC. *v.* FLETCHER ET AL.

[No. 19,807. Filed June 27, 1963. Rehearing denied August 6, 1963.]

*Larry J. Burke* and *Kennerk, Dumas & Burke,* of Fort Wayne, for appellant.

*Thomas Logan* and *Rothberg, Gallmeyer, Strutz, Fruechtenicht & Logan,* of Fort Wayne, for appellee, Joe Willie Day.

*Edward J. Moppert, Jr.,* and *Hoffman, Moppert & Solomon,* of Fort Wayne, for appellee, Sam Fletcher.

*Hunt, Suedhoff & Wilks* and *Leigh L. Hunt,* of Fort Wayne, for appellee, Sears, Roebuck & Company.

MOTE, C. J.—A second amended complaint was filed in the trial court by the appellant which alleged negligence on the part of the appellees, or their agents or employees, on February 27, 1953, proximately causing personal injuries to Homer Holmes, appellant's decedent. The complaint further alleged that the injuries resulted in medical, hospital and nursing expenses, as well as loss of income, to said decedent from the date of injury to the date of his death on February 28, 1959, from causes other than said personal injuries.

Appellees each addressed a demurrer to the second amended complaint on the ground that the pleading did not allege facts sufficient to constitute a cause of action, and by raising a specific issue of law as to whether a cause of action survived the death of Homer Holmes.

The trial court sustained the demurrer of each appellee to said second amended complaint. Appellant refused to plead over and judgment was rendered as follows:

"It is therefore ordered, adjudged and decreed by the Court that the said defendant, Sears, Roebuck and Company have and recover of and from the plaintiff the costs of this action, and plaintiff take nothing by her complaint as to defendant, Sears, Roebuck and Company."

"It is therefore ordered, adjudged and decreed by the Court that the defendants Sam Fletcher and Joe Willie Day have and recover from the

plaintiff the costs of this action as herein laid out and expended."

The sole and only question in this appeal is whether a cause of action survived the death of the said Holmes. Appellant concedes that there are no significant differences in the pattern of facts as set forth in the case of *Leslie A. Malone, Administrator of the Estate of Sylvester Malone, Decedent* v. *Ronald J. Conner*, in Cause No. 19650, 1 Ind. Dec. 288, 135 Ind. App. 167, 189 N. E. 2d 590, decided by this court, Division Number One, on April 18, 1963. In other words, the same question is presented by this appeal as was presented in the *Malone* case.

On the basis of the conclusion reached in said *Malone* case we hereby affirm the judgment herein.

Hunter, Kelley, Pfaff, JJ., concur.

NOTE.—Reported in 191 N. E. 2d 335.