MR. JUSTICE GROVES
delivered the opinion of the Court.
This is an appeal from orders of the district court which granted changes in the tabulation of priorities for the use of water. We reverse.
Former water districts 46 and 47 embrace the North Platte River and its tributaries in Jackson County. In 1892, 1902 and 1908, decrees were entered by the district court adjudicating priorities in each of these former water districts. The 1902 decrees renumbered the priorities embraced within those proceedings and in the 1892 decrees, as though all rights had been adjudicated in the decrees entered in 1902. The 1908 decrees combined the rights there involved with the decrees of 1892 and 1902, adjudging the priorities as though there had been one water adjudication with decrees entered in 1908.
Mr. Ralph Owens testified that he was the Division Engineer in 1954 in the division in which the two water districts were located; and that from that time until he retired as State Engineer the rights were administered in accordance with the priorities established by the 1908 decrees. The appellant Division Engineer, who assumed his duties in 1970, testified that it was his understanding that the water had been administered under the 1908 decree since the time of its entry.
It was the contention of the appellants (State Engineer and Division Engineer) that the proceedings culminating in the 1902 decrees were a continuation of the 1892 proceedings, and that the proceedings ending with the 1908 decrees were simply a continuation of the proceedings which included the 1902 decree. The trial court held otherwise, concluding that there were three separate water adjudications and that none was a continuation of the other. It ordered the appellants to renumber the priorities so that no priority awarded in a subsequent adjudication should have a *223 priority number lower than the last priority awarded in the previous adjudication.
At oral argument, counsel for the appellants stressed the effect that C.R.S. 1963, 148-19-1 had upon the 1908 decree.
This statute was adopted in 1957 (Colo. Sess. Laws 1957, ch. 290, at 874) and was repealed in 1969 (Colo. Sess. Laws 1969, ch. 373, § 20 at 1223). The portions of this statute material here read as follows:
‘‘(l)(a) A decree entered by a district court of this state awarding a priority right to a ditch or reservoir shall not be set aside or declared invalid because of any irregularity, failure to give proper notice, or other defect in the adjudication proceedings in which the decree was rendered, or because of any other jurisdictional ground when the following facts exist and are established by competent evidence, to-wit:
“(b) Such decree was entered more than eighteen years before the action to set the same aside or to have it declared invalid is instituted;
‘ ‘ (c) That during a period of eighteen years or more immediately preceding the institution of any such action the water claimed under said priority right, evidenced by such decree, has been continuously and openly beneficially used or applied by the claimant or claimants thereof, whenever the said water was needed for the purposes for which it was appropriated;
“(d) That during said period of eighteen years or more immediately preceding the institution of said action, the water official or officials who had, de facto or de jure, exercised jurisdiction in the water district in which the division works were located, have continuously recognized said decree as though it had been validly entered, and caused or permitted water of the stream from which said water right was adjudicated to be diverted in accordance with the terms of the decree whenever water was available therefrom.”
Obviously, the question is whether this statute, now repealed, prevents change of the 1908 decree. Counsel for the appellee stated in oral argument that the statute was not brought to the attention of the trial judge. This statement is supported to some extent by the fact that the statute is not mentioned in the appel *224 lants’ motion for a new trial, and by the further fact that the thrust of the appellants’ initial brief was that the trial court committed error in finding that the three proceedings were separate proceedings and not continuations.
Following oral argument we asked for supplemental briefs as to the effect of the quoted statute. They have now been filed.
Appellees argue correctly that the statement of the successor Division Engineer was hearsay and should not be the basis of a conclusion that the 1908 decree was administered according to its provisions at all times. However, we can assume in the absence of evidence to the contrary that it was administered according to its terms. There is no evidence to the contrary and we, therefore, make the assumption authorities carried out the decreed duties. So far as we are advised, Huerfano Co. v. Hinderlider, 81 Colo. 468, 256 P. 305 (1927), was the first case clearly to hold that the priority established in any subsequent adjudication may not be made superior to the last priority in the next preceding adjudication, irrespective of whether the parties in the subsequent adjudication were parties in the former one. In oral argument counsel for the appellants stated that prior to the announcement of Huerfano the numbering of decrees, as was done here in the 1908 decree, was quite common. Counsel for the appellees contends that, if we uphold the 1908 decree as written, we overrule Huerfano and the cases following it. He further argues that the court did not have jurisdiction to enter the 1908 decree and that it is void. We certainly are not changing Huerfano in any respect. We hold, however, that the court did have jurisdiction to enter the 1908 decree, even though under Huerfano, announced 19 years later, it was erroneous. There was no direct attack upon the decree.
While counsel for the appellees disagrees, we find McLeod v. Provident Mutual Life Insurance Company, 186 Colo. 234, 526 P.2d 1318 (1974), quite in point. There in a divorce action the court ordered the defendant to designate the minor children of the parties as primary beneficiaries under an insurance policy. Mr. Justice Lee wrote in McLeod:
“We agree with petitioners’ contention that the Court of Appeals erred in affirming the trial court’s holding that the order relating *225 to the insurance policy was void. In our view, the order was merely voidable. Inasmuch as there was no direct attack upon the decree by writ of error or appeal, it became a final decree and was not subject to collateral attack in the interpleader action.
* * * *
“Here, it is clear that in the divorce proceeding the district court had jurisdiction in the fullest sense, not only of the subject matter of the action but also of the parties, both of whom appeared in court and sought relief by complaint and counterclaim for a divorce and for permanent orders relating to division of property, child custody, support money, permanent alimony, and attorney’s fees. Thus, as measured by the foregoing test, the judgment of the court was not a void judgment. ’ ’
Here, as there, the court had jurisdiction to enter the decree. The decree entered was not void. Therefore the application of the rule of Huerfano to the 1892, 1902 and 1908 decrees was barred by 148-19-1 above quoted.
It is contended by the appellees that the repeal of the statute causes it not to be a bar, citing 73 Am. Jur. 2d § 384 at page 505. We disagree. At least so far as real estate is concerned, once the bar of a limitations statute attaches, repeal of the act may not revive the action. Dietemann v. People, 76 Colo. 378, 232 P. 676 (1924). Board of Education v. Blodgett, 155 Ill. 441, 40 N.E. 1025 (1895); Overmiller v. D.E. Horn & Co., 191 Pa. Super. 562, 159 A.2d 245 (1960). We are here dealing with real property. Hitchens v. Milner Co., 65 Colo. 597, 178 P. 575 (1919). See Knapp v. Water District, 131 Colo. 42, 279 P.2d 420 (1955).
The judgment is reversed and the cause remanded with directions to enter a decree consonant with the views expressed in this opinion.