592 P.2d 1 (1978)
D. Z. M., Plaintiff, by his next friend, B. K. H., and the Jefferson County Department of Social Services, Co-Plaintiffs-Appellants,
v.
D. A. G., Defendant-Appellee.
No. 78-143.
Colorado Court of Appeals, Division I.
October 5, 1978.
As Modified On Denial of Rehearing December 14, 1978.
Certiorari Granted March 19, 1979.
Nolan L. Brown, Dist. Atty., John L. Livingston, Deputy Dist. Atty., Richard G. Ovson, Deputy Dist. Atty., Golden, for plaintiff and co-plaintiffs-appellants.
Edward S. Barlock, Denver, for defendant-appellee.
SMITH, Judge.
Plaintiff, a child, by and through his mother B. K. H. and the Jefferson County Department of Social Services as co-plaintiff, brought this action for determination of paternity, and for support against defendant D. A. G. Defendant answered denying paternity and asserting the statute of limitations as a bar. The appeal, on behalf *2 of plaintiff, is taken from the trial court's order dismissing the action on the basis that the complaint was not filed within five years of the date of plaintiff's birth. We affirm the order of dismissal.
Plaintiff was born on September 10, 1970. The present action, initiated under the Colorado Uniform Parentage Act (UPA), Colo.Sess.Laws 1977, ch. 245, § 19-6-101 et seq. at 1010, effective July 1, 1977, was filed on September 7, 1977. The statute of limitations in effect on the birth date of plaintiff was 1967 Perm.Supp., C.R.S.1963, 22-6-1(2). It read as follows:
"No proceeding under this article shall be initiated after the child is five years old, unless paternity has been acknowledged by the father in writing or by furnishing support."
Section 19-6-101(2), C.R.S.1973, contained the identical language before the section was modified by the adoption of the Uniform Parentage Act on July 1, 1977. The parties stipulated, and the trial court found, that the defendant had never acknowledged paternity in writing or by furnishing support. The court below concluded that the statute of limitations as it existed before passage of the UPA was applicable to this action, and operated to bar the suit inasmuch as it was commenced more than five years after the birth of the child.
Plaintiff argues that the new Uniform Parentage Act, which extends the statute of limitations for determination of paternity to three years after the child has reached majority, Colo.Sess.Laws 1977, ch. 245, § 19-6-108 at 1012, is applicable to this case. We do not agree.
The period of limitation to be applied to plaintiff's action was initially determined by the statute effective when the cause accrued and the statute remained unchanged through the limitation period which expired in September of 1975, nearly two years before enactment of the UPA on July 1, 1977. Once the permissible time for commencing an action has expired and the bar created by the statute has attached, the rights and obligations of the parties are fixed. A subsequent statutory modification of the statute of limitations cannot revive or reinstate plaintiff's right to litigate a cause of action which has been previously barred. See Fischer v. Kuiper, 187 Colo. 221, 529 P.2d 641 (1974); People in the interest of L. B., 179 Colo. 11, 498 P.2d 1157 (1972); Dietemann v. People ex rel. Blackman, 76 Colo. 378, 232 P. 676 (1925). To hold otherwise would be to give retrospective effect to the statute contrary to Colo.Const. Art. II, Sec. 11.
The UPA does not create a new claim for relief, except insofar as it gives the putative father the right to bring an action in his own name. W. R. S. v. E. R., Colo.App., 588 P.2d 379 (1978), and as it creates in an adult child the right to seek a declaration of paternity. Even though it makes the child a party to the action in his own name and extends the time within which the action must be brought, the claim for relief and the determination to be made therein is the same under UPA as under its predecessor statutes. Under those statutes the child was as much a real party in interest as he is under the UPA.
Since, under the statute of limitations effective at plaintiff's birth, the time for bringing the action had expired before the effective date of the Uniform Parentage Act, the trial court properly ruled that the action was barred and the judgment is therefore affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.