**No. 79SC32**

**The Jefferson County Department of Social Services v. D.A.G.**
(607 P.2d 1004)

Decided March 17, 1980.

Nolan L. Brown, District Attorney, Miguel J. Cortez, Deputy, Richard G. Ovson, Deputy, Patricia Muller, Deputy, for petitioner.

Edward S. Barlock, for respondent.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

D.Z.M., a minor child, by next friend, B.K.H. (the child's natural mother), and the Jefferson County Department of Social Services (Department), commenced this action on September 7, 1977 against defendant D.A.G. for determination of paternity and for support of D.Z.M. who was born September 10, 1970. The trial court found that the action was barred by the statute of limitations in effect at the time of D.Z.M.'s birth. The court of appeals affirmed the judgment of the trial court. *D.Z.M. v. D.A.G.,* 41 Colo. App. 377, 592 P.2d 1 (1978). We granted certiorari and now affirm.

The parties stipulated, and the trial court found, that the defendant never acknowledged paternity or furnished support to the child. The statute of limitations in effect on the birthdate of D.Z.M. was 1967 Perm. Supp., C.R.S. 1963, 22-6-1(2) (as reenacted in section 19-6-101(2), C.R.S. 1973). It provided:

"No proceeding under this article shall be initiated after the child is five years old unless paternity has been acknowledged by the father in writing

or by furnishing support."

On July 1, 1977, the Uniform Parentage Act (U.P.A.), sections 19-6-101 *et seq.*, C.R.S. 1973 (1978 Repl. Vol. 8), became effective. *See* Colo. Sess. Laws 1977, ch. 245, section 4 at 1019. The U.P.A. repealed the previous paternity statute and adopted a new statute of limitations, section 19-6-108, C.R.S. 1973 (1978 Repl. Vol. 8) which provides:
"An action to determine the existence of the father and child relationship as to a child who has no presumed father under section 19-6-105 may not be brought later than three years after the birth of the child or later than three years after July 1, 1977, whichever is later. However, an action brought by or on behalf of a child whose paternity has not been determined is not barred until three years after the child reaches the age of majority . . . ."

The present action was commenced in the trial court on September 7, 1977, which was shortly after the effective date of U.P.A. The defendant answered the complaint by denying paternity and asserted that the suit was barred. The trial court ruled that the statute of limitations, as it existed at the time D.Z.M. was born, barred the suit. Accordingly, the trial court entered a judgment dismissing the complaint. The parties challenged this judgment in the court of appeals which affirmed the trial court's judgment. The Department alone petitioned for certiorari and here argues that the suit is not barred because the statute of limitations adopted by the U.P.A. applies and does not bar the suit.

■ The singular issue presented is whether this paternity action, prosecuted by the Department, which was barred after September 10, 1975 by the then applicable statute of limitations may be constitutionally revived by the U.P.A. We hold that it cannot be revived.

Under the prior paternity statute, the county department of social services could bring an action for determination of paternity if the mother or child was a public charge. 1967 Perm. Supp., C.R.S. 1963, 22-6-1(1) (as reenacted in section 19-6-101(1), C.R.S. 1973). A similar provision is contained in the U.P.A. *See* section 19-6-107(3), C.R.S. 1973 (1978 Repl. Vol. 8). An action brought under the prior paternity statute was barred five years after the birth of the child. 1967 Perm. Supp., C.R.S. 1963, 22-6-1(2) (as reenacted in section 19-6-101(2), C.R.S. 1973). Thus, under these provisions, the Department would have also been barred in 1975 from prosecuting this paternity action.

*Colo. Const.* Art. II, Sec. 11, provides: "No ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, . . . shall be passed by the general assembly." This provision against retrospective laws has been interpreted to mean "every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability to transactions or considerations already past, must be deemed

retrospective." *Denver, etc. Ry. Co. v. Woodward,* 4 Colo. 162, 167 (1878).

Where a statute of limitations has run and the bar attached, "the right to plead it as a defense is a vested right which cannot be taken away or impaired by subsequent legislation." *Willoughby v. George,* 5 Colo. 80, 82 (1879). *See also Fischer v. Kuiper,* 187 Colo. 221, 529 P.2d 641 (1974); *People in the Interest of L.B.,* 179 Colo. 11, 498 P.2d 1157 (1972); and *Dietemann v. People,* 76 Colo. 378, 232 P. 676 (1924). When the bar of the statute of limitations has once attached, the legislature cannot revive the action. *Edelstein v. Carlile,* 33 Colo. 54, 78 P. 680 (1904).

This decision should not be construed as prejudicing the right to maintain an action brought by or on behalf of the child.[1] Under the U.P.A., the *child* may now maintain a paternity action. Section 19-6-107, C.R.S. 1973 (1978 Repl. Vol. 8). Previously, the child could not maintain such an action, and was not even a party to a paternity suit. *People in the Interest of R.D.S.,* 183 Colo. 89, 514 P.2d 772 (1973).

An action brought by the child does not suffer the same constitutional infirmities as does an action brought by the mother, the father or the Department in this case.[2] Section 19-6-110, C.R.S. 1973 (now in 1978 Repl. Vol. 8) of U.P.A. specifies that the child shall be made a party to the action, and if a minor "he shall be represented by his general guardian or a guardian ad litem appointed by the court." A child's mother "may not represent the child as guardian or otherwise." The prior statute of limitations did not bar a suit by the child, as the child could not institute an action under the prior paternity statute, and thus, there is no revival of a previously barred action. The U.P.A. merely creates a remedy which the child previously did not possess. The fundamental action against the putative father is the same. "The abolition of an old remedy, or the substitution of a new one, neither constitutes the impairment of a vested right nor the imposition of a new duty, for there is no such thing as a vested right in remedies." *Moore v. Chalmers-Galloway Live Stock Co.* , 90 Colo. 548, 10 P.2d 950, 952 (1932). *See also In re Colorado Mercantile Co.,* 299 F. Supp. 55 (D. Colo. 1969); *Smith v. Putnam,* 250 F. Supp. 1017 (D. Colo. 1965).

As the present suit has not been maintained by or on behalf of the child as required by the U.P.A., the trial court's dismissal of the action as

---

[1] An action brought on behalf of a child is an action brought by the child's general guardian or guardian ad litem (other than the child's mother or father, *see* section 19-6-110, C.R.S. 1973 (1978 Repl. Vol. 8)) in the interest of the child, and as a result of the child's incapacity to personally bring the suit. *See generally,* C.R.C.P. 17(c).

[2] No statutory severance problem is presented. *See* section 19-6-129, C.R.S. 1973 (1978 Repl. Vol. 8).

barred by the statute of limitations in effect at the time D.Z.M. was born was proper.

The judgment of the court of appeals is affirmed.

JUSTICE GROVES and JUSTICE LEE do not participate.