454 N.E.2d 1268 (1983)
R.L.G., Appellant (Respondent below),
v.
T.L.E., by Her Next Friend D.D.E. and D.D.E., Appellees (Co-Petitioners below).
No. 4-482A83.
Court of Appeals of Indiana, Fourth District.
October 20, 1983.
Thomas C. Endsley, Indianapolis, for appellant.
Linley E. Pearson, Atty. Gen. of Ind., Margarett L. Knight, Deputy Atty. Gen., Indianapolis, for appellees.
MILLER, Judge.
This cause was filed on February 20, 1981, by 5-year-old T.L.E., an illegitimate child, to establish the paternity of her father. *1269 A judgment of dismissal was entered initially by the Marion Superior Court Juvenile Division for the reason that the paternity statute in effect at the time T.L.E. was born contained a two-year statute of limitations, which had expired at the time suit was brought. Later, the trial court, in response to T.L.E.'s motion to correct errors, set aside the judgment and reinstated the cause. Father claims the trial court erred in that
(1) the original two-year statute of limitations applied; and
(2) because the paternity law was amended after the two-year statute of limitations had already expired, the cause of action against him could not be revived.

FACTS
At the time T.L.E. was born (March 10, 1975), the law governing paternity actions was Ind. Acts, ch. 112, § 25, codified at Ind. Code 31-4-1-1 to -33 (Burns 1973). Section 2 of this law[1] imposed an obligation of support upon the parents of illegitimate children and Section 9[2] provided the mother or a party acting in her behalf could bring an action to compel paternal support. Section 26 of the law[3] also imposed a two-year statute of limitations with certain exceptions.
In 1979, when T.L.E. was four years old, the former law was repealed (Acts 1978, P.L. 136, § 57, effective October 1, 1979) and replaced with 1979 Ind. Acts, P.L. 277, codified at Ind. Code 31-6-6.1-1 to -19. (For a comprehensive review of the legislative history of these laws, see Matter of M.D.H., (1982) Ind. App., 437 N.E.2d 119 trans. denied.) The new statute makes several changes in existing law, two of which are of special significance in the instant appeal. First, Section 2 of the new statute[4] allows the paternity action to be filed by either the mother, the putative father or the child (in his own right or through another as next friend). Additionally, the statute of limitations for suit by the child is extended until his 20th birthday by Section 6.[5]
T.L.E. began the instant suit in 1981 through her mother as next friend. At the time the action was filed, T.L.E. was nearly six years old. T.L.E.'s putative father, R.L.G. (father), filed a motion to dismiss on the basis of the two-year statute of limitations formerly contained in Ind. Code 31-4-1-26.
A referee of Marion Superior Court Juvenile Division granted the father's motion and dismissed the action. T.L.E. and her mother then filed a motion to correct errors, which was overruled by the referee but subsequently granted by the trial court judge, who set aside the prior judgment of dismissal and reinstated the cause.
For the reasons stated below, we affirm.

DECISION
The father argues this action is time-barred by the former two-year limitations period contained in IC XX-X-X-XX because it was filed more than two years after T.L.E. was born. He contends the trial court erred by retroactively applying the new 20-year limitations period of IC 31-6-6.1-6 to allow a cause of action which, under the former law, could not have been brought against him after March 1, 1977. T.L.E. counters with the argument that the former two-year limitations period in effect at the time of her birth was unconstitutional in that it denied equal protection to illegitimate children. At the outset, we note the trial court gave no reason for granting T.L.E.'s motion to correct errors. In that motion, T.L.E. argued both the applicability of the new paternity statute (I.C. 31-1-6.1-1 et seq.) and the unconstitutionality of the two-year limitations period contained in the former I.C. XX-X-X-XX. Based on our consideration of the issues and in light of our decision in the recent case of Matter of M.D.H., supra, we conclude the trial court judge was correct.
*1270 In support of the father's argument that the court incorrectly applied a retroactive effect to the new paternity law, thereby allowing a child born before its passage to bring suit, he urges the new statute creates a right of action in the child and gives new rights and imposes new liabilities upon the father. To substantiate his argument, he cites Stewart v. Marson Construction Corp., (1963) 244 Ind. 134, 191 N.E.2d 320 and Malone v. Conner, (1963) 135 Ind. App. 167, 189 N.E.2d 590, decisions which refused to retroactively apply a 1959 statute allowing a personal injury suit to continue through a deceased plaintiff's personal representative after the death of litigant from unrelated causes. The Malone court indicated the new law acted to increase the liability of a personal injury defendant and concluded that such law could not be applied retroactively in the absence of a clear indication by the legislature the new law was intended to be retrospective. The Malone court did indicate, however, that a statute could properly be applied retroactively under certain circumstances, instructing:
"Where retroactive operation of remedial statutes is necessary to carry out the purpose of the new law, and no new rights are given or existing rights taken away, and only a new remedy is afforded for the enforcement of an existing right, the statutes may be given a retroactive operation. A retroactive statute must not take away an existing right or give a new right, but can only provide a new remedy to enforce an existing right. See: 26 I.L.E. Statutes § 195, p. 379." (Emphasis in original.)
189 N.E.2d at 591. We conclude the paternity law now under consideration falls into the statutory category described in the quoted portion of Malone  it neither creates new rights nor takes existing rights away, but merely provides a new remedy for the enforcement of an existing right. It is remedial in nature and can therefore be applied retroactively. McGill v. Muddy Fork of Silver Creek Watershed Conservancy District, (1977) 175 Ind. App. 48, 370 N.E.2d 365; Guthrie v. Wilson, (1959) 240 Ind. 188, 162 N.E.2d 79.
First, we note our case law holds a statute of limitations is to be generally regarded as remedial rather than substantive law, as it governs the means by which rights are enforced. DeHart v. Anderson, (1978) 178 Ind. App. 581, 383 N.E.2d 431; Matter of Estate of Wegmiller, (1978) 177 Ind. App. 16, 377 N.E.2d 664; 19 I.L.E. Limitation of Actions § 4 (1959). Thus, unless the legislature directs otherwise, a statute of limitations operates retrospectively as well as prospectively and the statute of limitations in force when an action is brought applies, even though it shortens or lengthens the time for enforcement of the right. Matter of M.D.H., supra; H.W.K. v. M.A.G., (1981) Ind. App., 426 N.E.2d 129; Dodd v. Kiefer, (1981) Ind. App., 416 N.E.2d 463.
In the case at bar, the father places particular emphasis on the fact that the new law allows the child to maintain a cause of action on his own behalf. We do not view this change as anything more than a modification of procedure, however. In our estimation the fact that the child, in addition to the mother, may now invoke the aid of the courts to obtain parental support does not change the father's obligation, but merely influences its enforcement. See Hine v. Wright, (1941) 110 Ind. App. 385, 36 N.E.2d 972.
In this regard, we note our decision in Goins v. Lott, (1982) Ind. App., 435 N.E.2d 1002, wherein this court pointed out that the manifest purpose of our paternity statutes is to recognize the natural obligation of a father for his illegitimate child. Indeed, the former paternity statute specifically instructed that the state was obligated to provide proper procedures to enable illegitimate children to have support rights and opportunities "the same as children born in wedlock." Ind. Code 31-4-1-1 (repealed by Acts 1978, P.L. 136, § 57.) Thus, as with the present law, the former paternity statute imposed a duty upon the father to support his illegitimate child. No new duty was thrust upon him by the enactment of the new paternity statute.
The father makes a related argument that as of March 10, 1977, the prior two-year statute of limitations attached to this *1271 cause of action. At that time, he argues, he acquired a vested property right to be free of any liability for T.L.E.'s support and the later enactment of IC 31-6-6.1-6 on October 1, 1979, was ineffective to revive the previously-barred right of action.
At the outset, we note that IC XX-X-X-XX did not bar a suit brought by the child since under the prior paternity law, the child could not maintain such action. See Fisher v. State ex rel. Morrow, (1947) 117 Ind. App. 552, 74 N.E.2d 743.
The Colorado Supreme Court addressed the question of revival when it dealt with a similar change in paternity statutes in Jefferson County Department of Social Services v. D.A.G., (1980) 199 Colo. 315, 607 P.2d 1004. The D.A.G. court dismissed a paternity action brought by the mother and the State's department of social services after it concluded the suits were time-barred by a prior statute of limitations. However, the court cautioned that its decision should not be construed as prejudicing the child's right to maintain a paternity action, instructing:
"The prior statute of limitations did not bar a suit by the child, as the child could not institute an action under the prior paternity statute, and thus, there is no revival of a previously barred action. The [new law] merely creates a remedy which the child previously did not possess. The fundamental action against the putative father is the same. `The abolition of an old remedy, or the substitution of a new one, neither constitutes the impairment of a vested right nor the imposition of a new duty, for there is no such thing as a vested right in remedies.' Moore v. Chalmers-Galloway Live Stock Co., 90 Colo. 548, 10 P.2d 950, 952 (1932). See also In re Colorado Mercantile Co., 299 F. Supp. 55 (D.Colo. 1969); Smith v. Putnam, 250 F. Supp. 1017 (D.Colo. 1965)."
199 Colo. at 318, 607 P.2d at 1006.
Also important to this decision is this court's recent holding in Matter of M.D.H., supra. In M.D.H., this court refused to apply the two-year statute of limitations contained in IC XX-X-X-XX to factual circumstances nearly identical to the case at bar. Indeed, the M.D.H. court permitted the litigation of paternity actions by two minor children who, like T.L.E. in the case at bar, were born in 1975 and commenced their lawsuits in 1981. In doing so, the court examined the two-year statute of limitations of IC XX-X-X-XX in light of the recent United States Supreme Court opinion, Mills v. Habluetzel, (1982) 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770, and found the limitations period to be constitutionally infirm as a denial of equal protection to illegitimate children.[6]
Our law is clear that once a statute is declared to be unconstitutional, it is to be regarded as if it had never been enacted. County Department of Public Welfare of Lake County v. American Federation of State County & Municipal Employees, AFL-CIO, Indiana Council 62, (1981) Ind. App., 416 N.E.2d 153. Our case law also instructs that no rights can be built up under an unconstitutional statute. Oolitic Stone Co. of Indiana v. Ridge, (1910) 174 Ind. 558, 91 N.E. 944; Coleman v. Mitnick, (1964) 137 Ind. App. 125, 202 N.E.2d 577, reh. den. 137 Ind. App. 125, 203 N.E.2d 834. Thus, in light of the declaration of unconstitutionality of the prior statute of limitations, we must reject the father's argument that he acquired vested rights thereunder.
Affirmed.
CONOVER, P.J., and YOUNG, J., concur.
NOTES
[1] Ind. Code 31-4-1-2 (Burns 1973).
[2] Ind. Code 31-4-1-9 (Burns 1973).
[3] Ind. Code 31-4-1-26 (Burns 1973).
[4] Ind. Code 31-6-6.1-2.
[5] Ind. Code 31-6-6.1-6.
[6] We observe that since M.D.H. was decided, the Supreme Court had additional opportunity to speak to the constitutionality of limitations periods in paternity actions in Pickett v. Brown, (1983) 462 U.S. ___, 103 S.Ct. 2199, 76 L.Ed.2d 372. In Pickett, the Supreme Court struck a Tennessee statute, which, as the former Indiana law, imposed a two-year statute of limitations on paternity and child support suits brought on behalf of certain illegitimate children.