The Larimer County Department of Social Services, Intervenor–Appellee,

v.

F.F., Jr., Respondent–Appellant.

No. 86CA1837.

Colorado Court of Appeals,
Div. IV.

April 28, 1988.

Rehearing Denied May 26, 1988.

Certiorari Denied Oct. 11, 1988.

Marla R. Hehn, Asst. Co. Atty., R.J. Shubert, Guardian Ad Litem, Fort Collins, for petitioner-appellee and intervenor-appellee.

W. Troy Hause, Greeley, for respondent-appellant.

BABCOCK, Judge.

In this paternity action, F.F., Jr. (respondent), appeals the trial court order affirming the findings and recommendations of the juvenile commissioner which determined that respondent was the father of J.E.S. (child) and, that therefore, he was obligated to pay past and future child support. We affirm.

The child was born on May 14, 1975. On July 11, 1985, the child, by her next friend, M.F.S. (the natural mother), and M.F.S., individually, commenced this action against respondent for determination of paternity and for support. Respondent moved to dismiss, asserting that the action was barred by the statute of limitations.

Following hearing, the juvenile commissioner found that the petition sought to bring the paternity action directly by the child through her next friend and that, therefore, the action was not barred by the statute of limitations. It then appointed a guardian ad litem to act on behalf of the child, in place of the child's mother.

On October 10, 1985, an amended petition was filed, which named the child as petitioner, F.F., Jr., and M.F.S. as respondents and asserted that the action was brought by and through the child's guardian ad litem. On October 21, 1985, the Larimer County Department of Social Services (social services) filed a motion to intervene alleging, among other things, that it had an interest in the subject matter of the paternity action because it was entitled to assignment of or subrogation to any right of support. The motion was granted.

On July 24, 1986, the juvenile commissioner determined that respondent was the natural father of the child. On November 7, 1986, a hearing to determine respondent's support obligation was conducted. Pursuant to § 14–14–104, C.R.S. (1987 Repl.Vol. 6B), respondent was ordered to reimburse social services for the amount of public assistance previously paid for the benefit of the child and to remit future support payments directly to social services. On review, the trial court then adopted the commissioner's judgment and order.

I.

Father contends that the paternity action is barred by the statute of limitations, Colo. Sess.Laws 1976, ch. 443, § 19–6–101(2) at 1026, and that, therefore, the juvenile commissioner erred in denying his motion to dismiss. We disagree.

The version of § 19–6–101 relied on by father, which was in effect at the time of the child's birth, allowed the mother, the child's guardian, or, if the mother or the child was a public charge, social services to initiate an action to establish paternity pri-

or to the child's fifth birthday. *Department of Social Services v. D.A.G.*, 199 Colo. 315, 607 P.2d 1004 (1980). This statute was repealed by the adoption of Uniform Parentage Act, §§ 19–6–101, et seq., C.R.S. (1986 Repl.Vol. 8B) (U.P.A.).

> Under the U.P.A. as initially enacted: "An action to determine the existence of the father and child relationship as to a child who has no presumed father under § 19–6–105 may not be brought later than three years after the birth of a child or later than three years after July 1, 1977, whichever is later. However, an action brought by *or on behalf of* a child whose paternity has not been determined is not barred until three years after the child reaches the age of majority...." Colo.Sess.Laws 1977, ch. 245, § 19–6–108 at 1012 (emphasis added).

Effective July 1, 1985, this version of § 19–6–108, C.R.S. was amended by striking the emphasized language "or on behalf of."

Under the circumstances here, the statute of limitations in effect at the time of the child's birth, Colo.Sess.Laws 1976, ch. 443, § 19–6–101, had attached, barring mother's and social service's right to bring an action to establish paternity; however, the child's right to maintain a paternity action, a remedy created by the U.P.A., was not barred. *See Department of Social Services v. D.A.G., supra.* Thus, we must determine whether Colo.Sess.Laws 1977, ch. 245, § 19–6–108 at 1012, which gave rise to the child's cause of action, or § 19–6–108, C.R.S. (1986 Repl.Vol. 8B), which was in effect at the time the action was commenced, applies, and whether the child's action was properly maintained.

The controlling statute of limitations is normally the statute in effect at the time the cause of action accrues. *People in Interest of S.L.H.*, 736 P.2d 1226 (Colo. App.1986). Here, the child's cause of action accrued upon the adoption of the U.P.A., the effective date of which was July 1, 1977. *See Department of Social Services v. D.A.G., supra.* Accordingly, that initial version of § 19–6–108 applies, and the action was properly brought on behalf of the child by her guardian ad litem.

Respondent argues, however, that the action was improperly maintained because a motion to amend the petition pursuant to C.R.C.P. 15(a) was not filed and because the amendment accomplished ends inconsistent with the U.P.A. Again, we disagree.

Misjoinder of parties is not ground for dismissal; parties may be dropped or added by order on the court's own initiative at any stage of the action on such terms as are just. C.R.C.P. 21. Moreover, amendment of the pleadings is within the discretion of the trial court, and its decision will not be disturbed absent an abuse of discretion. *K–R Funds, Inc. v. Fox*, 640 P.2d 257 (Colo.App.1981). To demonstrate prejudice arising from a proposed amendment, the opposing party must establish some prejudice other than merely that the case will be resolved on its merits. *K–R Funds, Inc. v. Fox, supra.* Furthermore, mere amendment of the pleadings cannot be used to attain ends inconsistent with statutory proceedings. *Trustees of Mortgage Trust v. District Court*, 621 P.2d 310 (Colo.1980).

Although Colo.Sess.Laws 1977, ch. 245, § 19–6–108 allows a paternity action to be brought on behalf of a child, § 19–6–110, C.R.S. (1986 Repl.Vol. 8B) prohibits representation of a child by her mother or father. *See People in Interest of T.L.H.*, 701 P.2d 87 (Colo.App.1984).

Here, the juvenile commissioner determined that the initial petition was an attempt to bring the paternity action on behalf of the child by her mother as next friend. Because the child's mother could not properly represent her, the juvenile commissioner appointed a guardian ad litem and realigned the parties.

These orders did not operate to prejudice respondent; rather, they allowed the action to be decided on its merits, preserving the child's statutory right to have paternity established on her behalf. *See* C.R.C.P. 21; *Trustees of Mortgage Trust v. District Court, supra; People in Interest of*

*T.L.H., supra.* Under these circumstances, we find no abuse of discretion in the juvenile commissioner's allowance of the amended petition in the absence of the filing of a formal motion to amend.

## II.

Respondent next contends that the juvenile commissioner abused his discretion in allowing social services to intervene as a petitioner because the statute of limitations had attached, barring social services from bringing a paternity action. We agree, but conclude the abuse was harmless.

Intervention *as a party* to an action is proper where a person has an interest in the property or transaction at bar or when his claim has a question of law or fact common to that in the main action. C.R.C.P. 24; *see Groendyke v. District Court,* 140 Colo. 190, 343 P.2d 535 (1959).

Under § 26–2–111(3)(g), C.R.S. (1982 Repl.Vol. 11), social services is assigned, by operation of law, any right to support possessed by an applicant for aid to families with dependent children. Additionally, under § 14–14–104(2), C.R.S. (1987 Repl.Vol. 6B), social services is "subrogated to the right of [a] dependent child or children or person having legal or physical custody of said child or children to pursue any child support action existing under the laws of this state to obtain reimbursement of public assistance expended." Under these statutes, social services' interest in the child support rights of a dependent child arises only when a person has been determined to owe a duty of support to the child. *See* § 14–14–104(2), C.R.S. (1987 Repl.Vol. 6B) and § 26–2–111(3)(g), C.R.S. (1982 Repl.Vol. 11); *see generally Nye v. District Court,* 168 Colo. 272, 450 P.2d 669 (1969).

Here, social services' interest in a support obligation owed to the child was contingent upon the outcome of this paternity action. *See Department of Social Services v. D.A.G., supra.* Accordingly, the juvenile commissioner's order allowing social services to intervene as a party constituted an abuse of discretion. *See Groendyke v. District Court, supra.* However, the record reveals that the abuse was harmless. *See* C.R.C.P. 61; *Gillies v. Schmidt,* 38 Colo.App. 233, 556 P.2d 82 (1976).

After the petition was amended and social services intervened, the guardian ad litem assumed active prosecution of the action. Furthermore, social services could have enforced its interests derived from § 14–14–104(2), C.R.S. (1987 Repl.Vol. 6B) and § 26–2–111(3)(g), C.R.S. (1982 Repl.Vol. 11) in separate proceedings following entry of an order determining paternity in this action. Under these circumstances, intervention by social services did not affect respondent's substantial rights. *See Gillies v. Schmidt, supra;* C.R.C.P. 61.

Finally, respondent contends that social services' claim for child support pursuant to § 14–14–104(2), C.R.S. (1987 Repl.Vol. 6B) was barred by § 19–6–101, C.R.S. This defense was not raised before the juvenile commissioner or the trial court. Therefore, we decline to consider it on appeal. *See Christensen v. Hoover,* 643 P.2d 525 (Colo. 1982).

Judgment affirmed.

CRISWELL and JONES, JJ., concur.