**Jami MARTIN, Appellant (Defendant),**

v.

**STATE of Indiana, Appellee (Plaintiff).**

No. 03S01–0108–PC–363.

Supreme Court of Indiana.

Aug. 28, 2002.

John Pinnow, Special Assistant to the Public Defender, Greenwood, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nandita G. Shepherd, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## CRIMINAL TRANSFER

RUCKER, Justice.

We grant transfer and hold that the 2001 amendments to the Indiana Code providing credit for time served on home detention as a condition of probation should be applied retroactively to the defendant in this case.

### Facts and Procedural History

After pleading guilty to two counts of dealing in cocaine, Jami Martin was sentenced by the trial court to twenty years for each count, to be served concurrently. The trial court later modified the sentence and placed Martin on electronically monitored home detention as a condition of probation. When Martin violated the conditions of his probation, the trial court revoked it and ordered him to serve the balance of his sentence. Martin subsequently filed various motions with the trial court to receive credit for the time he had served on home detention, all of which the trial court denied. Martin then initiated an appeal.

On May 22, 2001, while Martin's appeal was pending before the Court of Appeals, the General Assembly amended Indiana Code sections 35–38–2–3 and 35–38–2.5–5. Pub.L. No. 166–2001, §§ 1, 2, 2001 Ind. Acts 1075–76, 1077. Effective July 1, 2001, the amendments provide that a person earns credit for time served on home detention as a condition of probation. Ind. Code §§ 35–38–2–3(h)(2), (j)(2), –2.5–5(e). Previously, the statutes were silent on this point. *See* I.C. §§ 35–38–2–3, –2.5–5 (1998). Noting in passing that the amendments did not apply to Martin, the Court of Appeals affirmed the trial court. *Martin v. State*, 748 N.E.2d 428, 430 n. 4 (Ind.Ct.App.2001). Martin seeks transfer contending that the amendments should be applied retroactively to him. We previously granted transfer and now reverse the trial court.

### Discussion

 The general rule is that unless there are strong and compelling reasons, statutes will normally be applied prospectively. *Metro Holding Co. v. Mitchell*, 589 N.E.2d 217, 219 (Ind.1992). An exception to this general rule exists for remedial statutes, which are statutes intended to cure a defect or mischief that existed in a prior statute. *Bryarly v. State*, 232 Ind. 47, 111 N.E.2d 277, 278–79 (1953); *Ind. Dep't of State Revenue v. Estate of Riggs*, 735 N.E.2d 340, 344 (Ind. Tax Ct.2000). When a remedial statute is involved, a court must construe it to "effect the evident purpose for which it was enacted[.]" *Conn. Mut. Life Ins. Co. v. Talbot*, 113 Ind. 373, 14 N.E. 586, 589 (1887). Accordingly, remedial statutes will be applied retroactively to carry out their legislative purpose unless to do so violates a vested right or constitutional guaranty.[1] *Id.*

---

1. We acknowledge that a number of decisions have stated that if a remedial statute violates vested rights *or creates new rights*, then it cannot be applied retroactively. *See, e.g., Samm v. Great Dane Trailers*, 715 N.E.2d 420, 423 (Ind.Ct.App.1999), *trans. denied; Deasy–*

Prior to the amendments at issue here, there was a conflict of authority in the Court of Appeals regarding the availability of credit for time served on home detention as a condition of probation. One line of authority held that a person was entitled to such credit. *See Dishroon v. State*, 722 N.E.2d 385, 389 (Ind.Ct.App.2000); *cf. Purcell v. State*, 721 N.E.2d 220, 222 n. 4, 223 (Ind.1999) (holding that a person is entitled to credit for time served on home detention pursuant to a community corrections program but expressing no opinion as to credit for time served on home detention as a condition of probation). The other line of authority held that a person was not entitled to such credit. *See Palmer v. State*, 744 N.E.2d 525, 530 (Ind.Ct. App.2001) (declining to follow *Dishroon*).[2]

■ To highlight this conflict of authority, the Court of Appeals in *Palmer* implored the General Assembly to address the issue of credit for time served on home detention as a condition of probation because, as it stood, it was a "patchwork quilt of contradiction and confusion." *Id.; see also id.* at 531 (requesting "the General Assembly to offer some much-needed clarification, consistency, and guidance....") (Brook, J., concurring). The General Assembly apparently responded by amending Indiana Code sections 35–38–2–3 and 35–38–2.5–5 during the 2001 session to provide credit for time served on home detention as a condition of probation. In light of the General Assembly's response, we conclude that the amendments are remedial in nature as they were intended to cure a defect that existed in prior statutes, namely: silence concerning whether a defendant was entitled to credit for time served on home detention as a condition of probation. Therefore, because the amendments do not violate a vested right or constitutional guaranty, we apply them retroactively to Martin in order to carry out their legislative purpose of providing credit for time served on home detention as a condition of probation.[3]

---

*Leas v. Leas*, 693 N.E.2d 90, 92 (Ind.Ct.App. 1998), *trans. denied; Estate of Robinson v. C & I Leasing, Inc.*, 691 N.E.2d 474, 476 (Ind. Ct.App.1998), *trans. denied; R.L.G. v. T.L.E.*, 454 N.E.2d 1268, 1270 (Ind.Ct.App.1983); *McGill v. Muddy Fork of Silver Creek Watershed Conservancy Dist.*, 175 Ind.App. 48, 370 N.E.2d 365, 370 (1977); *Malone v. Conner*, 135 Ind.App. 167, 189 N.E.2d 590, 591 (1963), *trans. denied.* However, this formulation is inconsistent with this Court's precedent.

2. We grant transfer today in *Palmer* and hold that the amendments at issue here should also be applied retroactively to the defendant in that case.

3. We observe that since the amendments went into effect on July 1, 2001, the Court of Appeals has twice reached the same outcome as reached here, albeit on different grounds. In *Senn v. State*, 766 N.E.2d 1190 (Ind.Ct.App. 2002), the defendant, who had been sentenced before the effective date of the amendments, filed a motion in the trial court seeking credit for time served on home detention as a condition of probation. The trial court denied the motion. On appeal, the Court of Appeals held that the General Assembly's amendments to Indiana Code sections 35–38–2–3 and 35–38–2.5–5 represented an "effort to clarify the law," not to change it. *Id.* at 1199. As such, the Court of Appeals reversed the trial court. Similarly, in *Stith v. State*, 766 N.E.2d 1266 (Ind.Ct.App.2002), the Court of Appeals held:

> We believe the 2001 amendment to the statute reflects the legislature's clarification of its preexisting intent that probationers on home detention be entitled to credit time. We accordingly choose to follow *Dishroon* as more accurately reflecting the legislative intent to be gleaned from the "patchwork quilt of contradiction and confusion" that existed prior to the July 2001 amendment to the statute.
>
> Stith was entitled to credit time for the period when he was on home detention as a condition of probation, and we therefore reverse.

*Id.* at 1268 (citation and footnote omitted), *trans. not sought.*

### Conclusion

We reverse the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.