**In re Charles Adam HERSHMAN, Debtor.**

**Stacia L. Yoon, Trustee, Plaintiff,**

**v.**

**National City Mortgage Co. d/b/a Commonwealth United Mortgage Co. and Charles Adam Hershman, Defendants.**

Bankruptcy No. 07–22840 JPK.

Adversary No. 07–2128.

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

March 31, 2009.

598

Stacia L. Yoon, Esq., Merrillville, IN, for the Chapter 7 Trustee.

Jennifer McNair, Esq., Indianapolis, IN, for the defendant, National City Mortgage Co. d/b/a Commonwealth United Mortgage Co., n/k/a National City Real Estate Services, LLC.

Scott J. Fandre, Esq., South Bend, IN, for the defendant, National City Mortgage Co. d/b/a Commonwealth United Mortgage Co., now known as National City Real Estate Services, LLC.

Sheila A. Ramacci, Esq., Highland, IN, for the debtor, Charles Adam Hershman.

### MEMORANDUM OF DECISION

J. PHILIP KLINGEBERGER, Bankruptcy Judge.

This adversary proceeding was initiated by a complaint filed by Stacia L. Yoon, as Trustee of the Chapter 7 bankruptcy estate of Charles Adam Hershman, ("Trustee") on December 6, 2007. The focus of the complaint is the Trustee's assertion that a mortgage granted by the Chapter 7 debtor Hershman to National City Mortgage Co. d/b/a Commonwealth United Mortgage Co., now known as National City Real Estate Services, LLC ("National") is avoidable by her utilization of the "strong arm" powers of a Chapter 7 Trustee. The defendant National, and the debtor Hershman as well, oppose the Trustee's contentions.

### I. STATUS OF THE RECORD

Hershman initiated his Chapter 7 case by the filing of a petition on October 18, 2007. On December 6, 2007, the Trustee initiated this adversary proceeding. National filed its answer on February 6, 2008. Hershman, who was granted leave to intervene as a party defendant by the court's order entered on February 28, 2008, filed his answer on March 3, 2008. On June 3, 2008, the court entered an order which directed the submission of the case on a stipulated factual record; this record was filed on July 14, 2008. The parties then filed their respective memoranda of law stating their respective positions regarding

the issues framed by the complaint and the answers.

This adversary proceeding is now at issue on the stipulated evidentiary record provided by the parties, and the legal arguments advanced by the parties in their respective memoranda.

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a) and (b), and N.D.Ind.L.R. 200.1. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

## II. *FACTUAL RECORD*

As provided by the court's order entered on July 1, 2008, the entire factual record for submission of this adversary proceeding to the court for final judgment is the parties' "Joint Stipulation of Fact" filed on July 14, 2008. That stipulation is, in its entirety, the following:

1. The Trustee brings this action pursuant to her avoidance powers under 11 U.S.C. § 544.

2. On October 18, 2007, the Debtor filed his petition for relief under Chapter 7 of the United States Bankruptcy Code.

3. On the petition date, the Debtor possessed a fee simple interest in real estate located at 810 Jay Street, Griffith, Indiana, 46319 (the "Real Estate").

4. On March 31, 2003, the Debtor purchased the Real Estate from Timothy M. Zaberdac who conveyed the property to the Debtor by warranty deed; a true and accurate copy of the warranty deed is attached as Exhibit "1."

5. To purchased the Real Estate, on or about March 31, 2003, the Debtor executed and delivered to National a note and mortgage for the Real Estate; true and accurate copies of which are attached to the Trustee's Complaint as Exhibits "A" and "B".

6. The acknowledgment of the mortgage reads:

7. The note and mortgage were recorded with the Lake County, Indiana Recorder on April 4, 2003.

STATE OF INDIANA, Lake County ss:

On this 31st day of March 2003 before me, the un Public in and for said County, personally appeared Timothy M. Zaberdac

WITNESS my hand and official seal.

and acknowledged the execution of the fo

My Commission Expires:

5/16/09

This instrument was prepared by: National City Mortgage Co dba: DEBTR, ADDI

## III. *ISSUES PRESENTED*

The sole issue is the following:

A. To what extent is the mortgage granted to Countrywide avoidable pursuant to 11 U.S.C. § 544(a)(3), particularly in light of provisions of Indiana law stated in I.C. 36–2–11–16 and I.C. 32–21–4–1.

## IV. LEGAL ANALYSIS

The crux of this adversary proceeding is whether or not the mortgage interests of National with respect to real property commonly described as 810 Jay Street, Griffith, Indiana, are avoidable pursuant to 11 U.S.C. § 544(a)(3), so that the Chapter 7 estate of Hershman assumes the position of Countrywide pursuant to 11 U.S.C. § 551.

■ Let's start from square one. The mortgage which is at the core of this adversary proceeding has no acknowledgment whatsoever with respect to Charles Adam Hershman: The acknowledgment states that Timothy M. Zaberdac—a total stranger to the instrument—appeared and acknowledged the execution of the mortgage. Without belaboring the point, as a result of that deficiency, the mortgage interest of National in the bankruptcy estate's interest in the subject real estate (the fee simple interest of Hershman) is entirely avoidable pursuant to 11 U.S.C. § 544(a)(3), subject only to the potential impact of provisions of I.C. 36–2–11–16 and I.C. 32–21–4–1. The authority upon which avoidance is sustained under the common law of Indiana, as construed and applied by both Indiana state courts and federal courts which have followed Indiana law, is more than amply stated in *In re Stubbs*, 330 B.R. 717 (Bkrtcy.N.D.Ind., 2005), *aff'd* 2006 WL 2361814 (N.D.Ind. 2006).

National and Hershman contend that I.C. 32–21–4–1(c), and/or I.C. 36–2–11–16(f), both as effective on July 1, 2007, preclude the avoidance of National's mortgage interest in this adversary proceeding.

■ We'll turn first to I.C. 32–21–4–1. At the outset, the amendment of I.C. 32–21–4–1(c) effective as of July 1, 2008—which added the sentence: "This subsection applies regardless of when a mortgage was recorded" to the first sentence of I.C. 32–21–4–1(c)—has no application in this case. The issue regarding an amended statute's application with respect to actions pending before the court does not involve any amendment which became effective after the matter involving the statute which was the subject of the amendment was initiated; *See, In re Kenneth E. Groves and Lori E. Groves, debtors; Kenneth E. Groves, et al., plaintiffs v. Citifinancial Mortgage Company, Inc., defendant;* decision of the Honorable Robert E. Grant entered on June 6, 2008 in adversary proceeding number 07–4020; *Debra L. Miller v. LaSalle Bank National Association, as Trustee, et al.,* decision of the Honorable Harry C. Dees entered on March 24, 2009 in adversary proceeding number 08–3018. Both the debtor's case and this adversary proceeding were filed well in advance of the effective date of the 2008 amendment. However, as will be seen, the 2008 amendment to I.C. 32–21–4–1 does play into the interpretation of the retroactive affect of the 2007 amendment made by the Indiana Legislature to that statute.

By amendment effective July 1, 2007, I.C. 32–21–4–1 was amended by the addition of the following:

(c) This subsection applies only to a mortgage. If:

 (1) an instrument referred to in subsection (a) is recorded; and

 (2) the instrument does not comply with the:

 (A) requirements of:

 (i) I.C. 32–21–2–3; or

 (ii) I.C. 32–21–2–7; or

 (B) technical requirements of I.C. 36–2–11–16(c); the instrument is validly recorded and provides constructive notice of the contents of the instrument as of the date of filing.

Both defendants of course maintain that this amendment was intended by the Indiana Legislature to have a retroactive effect, by which it would be applicable to all mortgages recorded prior to its effective date.

The critical issue in this context is whether the 2007 amendment to I.C. 32–21–4–1 was intended by the Indiana Legislature to be applicable to mortgages recorded prior to the effective date of the amendment.

 The general test to determine the retroactive effect of an amendatory statute was stated as follows in *Martin v. State of Indiana,* Ind., 774 N.E.2d 43, 44 (2002):

> The general rule is that unless there are strong and compelling reasons, statutes will normally be applied prospectively. *Metro Holding Co. v. Mitchell,* 589 N.E.2d 217, 219 (Ind.1992). An exception to this general rule exists for remedial statutes, which are statutes intended to cure a defect or mischief that existed in a prior statute. *Bryarly v. State,* 232 Ind. 47, 111 N.E.2d 277, 278–79 (1953); *Ind. Dep't of State Revenue v. Estate of Riggs,* 735 N.E.2d 340, 344 (Ind. Tax Ct.2000). When a remedial statute is involved, a court must construe it to "effect the evident purpose for which it was enacted[.]" *Conn. Mut. Life Ins. Co. v. Talbot,* 113 Ind. 373, 14 N.E. 586, 589 (1887). Accordingly, remedial statutes will be applied retroactively to carry out their legislative purpose unless to do so violates a vested right or constitutional guaranty.[FN1] *Id.*

FN1. We acknowledge that a number of decisions have stated that if a remedial statute violates vested rights *or creates new rights,* then it cannot be applied retroactively. *See, e.g., Samm v. Great Dane Trailers,* 715 N.E.2d 420, 423 (Ind.Ct.App.1999), *trans. denied; Deasy–Leas v. Leas,* 693 N.E.2d 90, 92 (Ind. Ct.App.1998), *trans. denied; Estate of Robinson v. C & I Leasing, Inc.,* 691 N.E.2d 474, 476 (Ind.Ct.App.1998), *trans. denied; R.L.G. v. T.L.E.,* 454 N.E.2d 1268, 1270 (Ind.Ct.App. 1983); *McGill v. Muddy Fork of Silver Creek Watershed Conservancy Dist.,* 175 Ind.App. 48, 370 N.E.2d 365, 370 (1977); *Malone v. Conner,* 135 Ind.App. 167, 189 N.E.2d 590, 591 (1963), *trans. denied.* However, this formulation is inconsistent with this Court's precedent.

As further stated by the Indiana Supreme Court in *Bourbon Mini–Mart, Inc. v. Gast Fuel and Services, Inc.,* Ind. 783 N.E.2d 253, 260 (2003):

> The general rule is that unless there are strong and compelling reasons, statutes will not be applied retroactively. *Martin v. State,* 774 N.E.2d 43, 44 (Ind.2002) (citing *Metro Holding Co. v. Mitchell,* 589 N.E.2d 217, 219 (Ind.1992)); *Indiana Dep't of Envtl. Mgmt. v. Medical Disposal Serv., Inc.,* 729 N.E.2d 577, 581 (Ind. 2000); *Chadwick v. City of Crawfordsville,* 216 Ind. 399, 413–14, 24 N.E.2d 937, 944 (1940). An exception to this general rule exists for remedial statutes, *i.e.* statutes intended to cure a defect or mischief that existed in a prior statute. *Martin,* 774 N.E.2d at 44 (citing *Bryarly v. State,* 232 Ind. 47, 111 N.E.2d 277, 278–79 (1953)); *Ind. Dep't of State Revenue v. Estate of Riggs,* 735 N.E.2d 340, 344 (Ind.Tax Ct.2000). Ultimately, however, whether or not a statute applies retroactively depends on the Legislature's intent. That is, when a remedial statute is involved, a court must construe it to "effect the evident purpose for which it was enacted[.]" *Martin,* 774 N.E.2d at 44 (citing *Connecticut Mut. Life Ins. Co. v. Talbot,* 113 Ind. 373, 14 N.E. 586, 589 (1887)). Accordingly, remedial statutes will be applied retroactively to carry out their legislative purpose unless to do so violates a

vested right or constitutional guaranty. *Martin,* 774 N.E.2d at 44.

The decision of the Tax Court of Indiana in *Indiana Department of State Revenue, Inheritance Tax Division v. Estate of Riggs,* Ind. Tax Court, 735 N.E.2d 340, 344 (2000) is consistent with the foregoing rules, as stated as follows:

> Despite the clearly established law in Indiana that transfers of a decedent's property interests occur at his death, the Estate maintains that the legislature intended to apply the amended Exemption retroactively. The Estate is mistaken. Indiana does not favor retroactive application of statutes and amendments. "Our courts have observed a strict rule of construction against retrospective operation, and indulge in the presumption that the legislature intended statutes and amendments to operate prospectively only, unless the intention is unequivocally and unambiguously shown [otherwise] by necessary implication." *Turner v. Town of Speedway,* 528 N.E.2d 858, 863 (Ind.Ct.App.1988). *See also Mahan v. State Bd. of Tax Comm'rs,* 622 N.E.2d 1058, 1062 (Ind. Tax Ct.1993) (noting general rule that statutes and amendments are to be given prospective effect only). "To apply an amendment retroactively without a clear legislative indication requires that strong and compelling reasons exist." *Estate of Robinson by Robinson v. C & I Leasing, Inc.,* 691 N.E.2d 474, 476 (Ind. Ct.App.1998), *trans. denied.* Exceptions to the general rule exist, and retroactive application may be permitted where the new legislation only changes a mode of procedure, *see Estate of Rob-*

*inson,* 691 N.E.2d at 476, or where a statute is remedial, *see State ex. rel Ind. State Bd. of Dental Examiners v. Judd,* 554 N.E.2d 829, 832 (Ind. Tax Ct.1990). In deciding whether a statute is remedial, the Court will examine, among other things, the alleged defect or mischief that a statute or amendment seeks to cure. *See id. (citing W.H. Dreves, Inc. v. Osolo Sch. Tp.,* 217 Ind. 388, 391, 28 N.E.2d 252, 254 (1940)).

As stated in *State of Indiana v. Daley,* 165 Ind.App. 513, 332 N.E.2d 845, 848 (1975):

> The established rule in this State is that
>
> 'Statutes are to be construed as having a prospective operation unless the language clearly indicates that they were intended to be retrospective. (Citations omitted.)
>
> Where retroactive operation of remedial statutes is necessary to carry out the purpose of the new law, and no new rights are given or existing rights taken away, and only a new remedy is afforded for the enforcement of an existing right, the statutes may be given a retroactive operation. A retroactive statute must not take away an existing right or give a new right, but can only provide a new remedy to enforce an existing right.' (Original emphasis.)
>
> *Malone v. Conner* (1963), 135 Ind. App. 167, 170, 189 N.E.2d 590. See also, *Johnson v. The Bd. of Comm'rs of Wells County* (1886), 107 Ind. 15, 8 N.E. 1; *Herrick v. Sayler,* 245 F.2d 171 (7th Cir.1957); *England v. City of Richmond,* 419 F.2d 1156 (7th Cir. 1969).[1]

---

1. The determination of this case and other Indiana Court of Appeals cases that a "retroactive statute must not give a new right" was abrogated by *Martin v. State of Indiana,* Ind.,

774 N.E.2d 43, 44 (fn.1) (2002). However, the statement that a retroactive statute "can only provide a new remedy to enforce an

Even if it is determined that a particular amendatory statute is "remedial", it is not mandatory that the statute be deemed to be operative retroactively, as stated in *State of Indiana v. Pelley*, 828 N.E.2d 915, 919–920 (2005):

> The general rule of statutory construction is that unless there are strong and compelling reasons, statutes will not be applied retroactively. *Martin v. State*, 774 N.E.2d 43, 44 (Ind.2002). Statutes are to be given prospective effect only, unless the legislature unequivocally and unambiguously intended retrospective effect as well. *Bd. of Dental Examiners v. Judd*, 554 N.E.2d 829, 832 (Ind.Ct. App.1990). There is an exception to this general rule for remedial statutes, that is, statutes intended to cure a defect or mischief that existed in a prior statute. *Bourbon Mini–Mart, Inc. v. Gast Fuel & Servs., Inc.*, 783 N.E.2d 253, 260 (Ind. 2003) (citing *Martin*, 774 N.E.2d at 44). Relying on our statement in *Bourbon* and *Martin* that "remedial statutes *will be applied* retroactively to carry out their legislative purpose unless to do so violates a vested or constitutional guaranty," (emphasis added), Center argues that I.C. § 25–23.6–6–1 was enacted to cure a defect in the physician/patient privilege statute and thus it is remedial and applies retroactively to bar disclosure of communications between Center's counselor and the Pelley family.
>
> . . .
>
> In any event, even assuming the counselor/client privilege statute is remedial, Center's retroactivity argument still fails. Despite language in *Bourbon* and *Martin* suggesting otherwise, not all remedial statutes are automatically applied retroactively. It has long been the law in this jurisdiction that although statutes and rules concerning procedural

and remedial matters *may* be made to operate retroactively, it is not the case that they *must* apply retroactively. *State ex rel. Uzelac v. Lake Crim. Ct.*, 247 Ind. 87, 212 N.E.2d 21, 24 (1965). As we held in *Gosnell v. Indiana Soft Water Service, Inc.*:

> Unless there are strong and compelling reasons, statutes will normally be given prospective application. While statutes addressing merely procedural and remedial matters may be applied retroactively, *such application is not required.*
>
> \* \* \*
>
> Even under [the] argument that the statute is merely procedural or remedial, retroactive application is the exception, and such laws are normally to be applied prospectively absent strong and compelling reasons.

503 N.E.2d 879, 880 (Ind.1987) (emphasis added) (citations omitted).

As further stated in *State v. Pelley, supra*, statutes in derogation of the common law must be strictly construed; *Pelley, supra*, at 920 (citing *Terre Haute Regional Hospital, Inc. v. Trueblood*, 600 N.E.2d 1358, 1360 (Ind.1992)).

■ We now turn our attention to applying the foregoing rules to the 2007 amendment to I.C. 32–21–4–1.

First, prior to the 2007 amendment, as explained in *In re Stubbs*, 330 B.R. 717 (Bankr.N.D.Ind.2005), decisions of Indiana state courts, and thus the Indiana common law with respect to this issue, determined that the mortgage at issue in this case would be invalid as against *bona fide* purchasers. Thus, to the extent that the 2007 amendment seeks to overturn the result of these decisions by establishing that a

existing right'' remains valid under the prece- dents of the Indiana Supreme Court.

mortgage not executed in accordance with applicable Indiana recording statutes, if recorded, provides constructive notice to the world as to the mortgage, the amendment is in derogation of the common law, and it thus must be strictly construed.

We next turn to the rule that Indiana absolutely strongly favors the prospective application of amendatory statutes unless a clear intent of the Legislature is expressed in the amendatory act. There is no such expressed intent with respect to the 2007 amendment, and thus under this test, the amendment operates solely prospectively with respect to mortgages recorded after its effective date.

The next issue which must be reviewed under the defendants' argument is whether the 2007 amendment is "remedial": Indiana law acknowledges that there is an exception to the rule of prospective application for "remedial statutes". "Remedial" statutes are those which are intended to "cure a defect or mischief that existed in a prior statute". The court is unwilling to find that there was any "defect" under I.C. 32–21–4–1 prior to its amendment by the 2007 amendment. Indiana courts and federal courts had consistently determined that a recorded document which lacked proper acknowledgment under Indiana law did not provide constructive notice to anyone, despite its recordation. This consistent construction of Indiana law did not arise from a defect in any statute, but rather arose from judicial application of the common law to statutes which had been regularly and correctly enacted. The court is also unwilling to deem that there was any "mischief" arising from I.C. 32–21–4–1 prior to the enactment of the 2007 amendment. Again, a consistent application of Indiana law by both Indiana and federal courts establish that there were entirely valid reasons for enforcing the explicit provisions of the statute in terms

of its requirements for recording of a document subject to its provisions. The 2007 amendment totally changed Indiana law as determined by these decisions, not in response to any "mischief" created by those decisions, but in a concerted effort to reverse them by legislative enactment.

Based upon the foregoing, the 2007 amendment to I.C. 32–21–4–1 is not remedial, and the defendants' argument fails.

 Even if one were to construe the statute as being remedial, Countrywide's argument would still fail. The primary focus of courts in determining whether or not an amendatory statute should be given retroactive application is to determine the intent of the Legislature in enacting the statute. The foregoing rules are guides to this determination. In determining the intent of the Legislature, subsequent amendatory acts may shed light on that intent. I.C. 32–21–4–1, as effective on July 1, 2008, added the following to sub-paragraph (c) of that statute: "This subsection applies regardless of when a mortgage was recorded." An amendment to a previous statute is generally to be construed to be a change in the prior law, rather than a clarification or restatement of the prior law as enacted by a previous statute. As stated in *United National Insurance Company v. DePrizio*, Ind., 705 N.E.2d 455, 460 (1999):

> A fundamental rule of statutory construction is that an amendment changing a prior statute indicates a legislative intention that the meaning of the statute has changed. Such an amendment raises the presumption that the legislature intended to change the law unless it clearly appears that the amendment was passed in order to express the original intent more clearly.

To the same effect are *Tippecanoe County v. Indiana Manufacturer's Association,*

Ind., 784 N.E.2d 463, 466 (fn. 5) (2003); *State Farm Fire & Casualty Company v. Garrett,* Ind.App., 783 N.E.2d 329, 337 (2003), *trans. den.* 804 N.E.2d 748 (2003). Applying this principle to the 2007 amendment, it is clear that the Indiana Legislature *changed* the law as implemented by that amendment by the enactment of the 2008 amendment. The court does not deem the 2008 amendment to be a recitation of the intent of the 2007 amendment, but rather a statute which changed the substantive scope of the 2007 amendment. As such, the 2008 amendment makes it clear that the 2007 amendment was not intended to apply to mortgages recorded prior to its effective date of July 1, 2007.

Finally, application of rules of statutory construction in relation to the plain meaning of a statute also defeat the defendant's argument. Applying these rules, Judge Dees has determined that the 2007 amendment, *by its express terms,* does not apply to mortgages recorded prior to July 1, 2007; *Debra L. Miller v. LaSalle Bank National Association, as Trustee, et al.,* decision of the Honorable Harry C. Dees entered on March 24, 2009 in adversary proceeding number 08–3018.

Based upon the foregoing, I.C. 32–21–4–1(c) has no retroactive effect with respect to the mortgage in this case.

 Turning next to I.C. 36–2–11–16(f), it is clear that this provision has no application to the defective acknowledgment at issue. I.C. 32–21–2–3(a)(1) states that in order for a mortgage to be recorded, it must be "acknowledged by the grantor." I.C. 36–2–11–16(c) is a list of five requirements that must be fulfilled in order for a mortgage to be received by the recorder for recording; subsection (c)(4) states that the name of each person who executed the instrument must appear "identically in the body of the instrument, in the acknowledgment or jurat, in the person's signature, and beneath the person's signature." I.C. 32–21–4–1(c)(2) specifically lists I.C. 32–21–2–3 and I.C. 36–2–11–16(c) as separate recording requirements, and there is an obvious reason why it does so. I.C. 36–2–11–16(c)(4) refers to consistency in the name of an individual throughout an instrument; it does not refer to a circumstance in which an individual obviously other than the grantor is the only name in a jurat or acknowledgment. In this context, I.C. 32–21–2–3(a)(1) applies, and it *requires* that an instrument be acknowledged *by the grantor.* The mortgage in this case was not so acknowledged—the jurat states unequivocally states that Timothy M. Zaberdac acknowledged the instrument. Thus, the grantor (Hershman) did not acknowledge that he signed the mortgage; the mortgage fails to satisfy the separate recording requirement of I.C. 32–21–2–3(a)(1); and I.C. 36–2–11–16(f)—which applies only to the requirements of I.C. 36–2–11–16—won't save it.[2]

Based upon the foregoing, the court determines as follows:

1. The 2007 amendment to I.C. 32–21–4–1 applies only to mortgages recorded after July 1, 2007, by application of the statutory construction principle that amendments to statutes in derogation of the common law are to be strictly construed, and that there is no intent ex-

---

**2.** This puts aside the contorted nature of a provision in a statute which states that a document which absolutely doesn't comply with that statute is "conclusively presumed" to comply with the statute, as well as the questionable constitutionality of such a provision; *See, Finney v. State,* Ind.App., 686 N.E.2d 133, 135 (headnote [5]) (1997), discussing the requirements for essentially absolute presumptions of subsequent facts upon establishment of a single predicate fact.

pressed in the statute that the Indiana Legislature intended the 2007 amendment to apply to mortgages recorded prior to July 1, 2007.

2. The 2007 amendment is not a "remedial" statute: there was no "mischief" in the prior law.

3. Amendatory statutes are not to be construed as "remedial" if they affect "vested" rights. Under applicable Indiana common law, a *bona fide* purchaser acquiring an interest in real estate subsequent to the recording of a mortgage not entitled to the provision of constructive notice will have that interest determined to have priority over the interest of the mortgage holder whose invalid mortgage did not provide constructive notice. This principle applied under Indiana common law not merely in bankruptcy cases in which debtors or trustees sought to invoke the provisions of 11 U.S.C. § 544(a)(3), but also in any state court proceeding in which this issue arose in which bankruptcy was not involved. *Bona fide* purchasers under this circumstance therefore had a "vested right" to the priority of their interests over those of invalidly acknowledged mortgages despite the recordation of those mortgages, and the 2007 amendment to I.C. 32–21–4–1 cannot be interpreted to interfere with this vested right.

4. Even if the 2007 amendment is deemed to be a remedial statute, based upon the clear intention of the Indiana Legislature as expressed and analyzed above, retroactive application of that statute is not mandatory, and the court determines that Indiana courts would not provide retroactive application of the 2007 amendment to mortgages recorded prior to July 1, 2007.

5. Elementary statutory construction rules, including reviewing the 2007 amendment to I.C. 32–21–4–1 in conjunction with the 2008 amendment, establish the intent of the Indiana Legislature that the 2007 amendment to that statute applied only to mortgages recorded on or after July 1, 2007, the effective date of the 2007 amendment.

6. I.C. 36–2–11–16(f) has no application to the total lack of an acknowledgment by Hershman.

The court thus determines that the mortgage instrument at issue in this case is defective under the provisions of *In re Stubbs, supra,* and that neither I.C. 32–21–4–1(c)—as added by the amendments to I.C. 32–21–4–1 effective as of July 1, 2007—nor I.C. 36–2–11–16(f), alter this result. The transfer to National of mortgage interests is avoidable by the Trustee pursuant to 11 U.S.C. § 544(a)(3), and the avoided transfer is preserved for the benefit of Hershman's bankruptcy estate by 11 U.S.C. § 551.

## V. CONCLUSION

**IT IS ORDERED, ADJUDGED AND DECREED** that the transfer to National of mortgage interests by Hershman is avoidable by the Trustee pursuant to 11 U.S.C. § 544(a)(3) and the avoided transfer is preserved for the benefit of Hershman's bankruptcy estate by 11 U.S.C. § 551.