

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General

Nicole D. Wiggins
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Emmett Lawrence,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

July 19, 2023

Court of Appeals Case No.
23A-CR-6

Appeal from the
Marion Superior Court

The Honorable
Jose Salinas, Judge

The Honorable
John Christ, Magistrate

Trial Court Cause No.
49D23-2110-CM-32404

**Opinion by Judge Vaidik**
Judges Mathias and Pyle concur.

**Vaidik, Judge.**

# Case Summary

In 2021, Emmett Lawrence was charged with Class A misdemeanor carrying a handgun without a license under Indiana Code section 35-47-2-1. On July 1, 2022, while Lawrence's case was pending, the Indiana General Assembly amended the statute to remove the license requirement. Lawrence was later convicted. He now appeals, arguing the 2022 amendment to the statute is remedial and therefore applies retroactively to him. We hold that the 2022 amendment to Section 35-47-2-1 is not remedial, as it did not cure a defect in the statute but rather signaled a change in Indiana's policy on carrying handguns. Because the 2022 amendment to Section 35-47-2-1 is not remedial, it does not apply retroactively to Lawrence. We therefore affirm his conviction.

# Facts and Procedural History

On October 20, 2021, the police found a handgun in the console of Lawrence's car. Because Lawrence did not have a license to carry the gun, he was arrested and charged with Class A misdemeanor carrying a handgun without a license under Section 35-47-2-1. At the time of Lawrence's offense, the statute provided that, subject to some exceptions, "a person shall not carry a handgun in any vehicle or on or about the person's body without being licensed under this chapter to carry a handgun." Ind. Code § 35-47-2-1(a) (version effective until June 30, 2022).

[3]     On July 1, 2022, while Lawrence's case was pending, the General Assembly amended Section 35-47-2-1 to remove the license requirement, effectively eliminating the criminal offense of carrying a handgun without a license. *See* P.L. 175-2002, § 8. The statute now contains permissive language and states that "[a] person **may** carry a handgun without being licensed under this chapter to carry a handgun . . . ." I.C. § 35-47-2-1(b) (emphasis added). The General Assembly also added a new section, Indiana Code section 35-47-2-1.5, outlining the new crime of "unlawful carrying of a handgun." This statute makes it either a Class A misdemeanor or a Level 5 felony for certain categories of people— such as people convicted of a state or federal offense punishable by a term of imprisonment exceeding one year, people convicted of domestic violence, and juveniles—to knowingly or intentionally carry a handgun.

[4]     A bench trial was held in December 2022, and the judge found Lawrence guilty. The case immediately proceeded to sentencing. Defense counsel noted that "the statute itself that [Lawrence] was just found guilty of is no longer law in the State of Indiana" and asked the court to "take[] that into consideration" when sentencing Lawrence. Tr. Vol. II p. 94. The judge sentenced Lawrence to 180 days, with 8 days executed (time served) and 172 days suspended to non-reporting probation.

[5]     Lawrence now appeals.

# Discussion and Decision

[6] Lawrence admits that he carried a handgun without a license in October 2021 and that he would be guilty under the version of the statute in effect then. *See* Appellant's Br. p. 9. He argues, however, that the 2022 amendment to Section 35-47-2-1 applies retroactively to him and therefore we should reverse his conviction. No appellate court has addressed whether the 2022 amendment applies retroactively.

[7] Absent explicit language to the contrary, statutes generally do not apply retroactively. *N.G. v. State*, 148 N.E.3d 971, 973 (Ind. 2020). But there is a well-established exception for remedial statutes, that is, statutes intended to cure a defect or mischief in a prior statute. *Id.*; *State v. Pelley*, 828 N.E.2d 915, 919 (Ind. 2005). "Yet even when the legislature passes such a law, retroactivity is permissive, not mandatory." *N.G.*, 148 N.E.3d at 973. We employ a two-step analysis to determine whether an otherwise prospective statute applies retroactively. "We first decide whether the relevant law is remedial. If so, we then consider whether retroactive application would effectuate the statute's legislative purpose." *Id.* at 974.

[8] Two cases from our Supreme Court help to illustrate when a statute is remedial. In *N.G.*, N.G. petitioned to expunge a felony conviction that had been reduced to a misdemeanor. *Id.* at 972. The relevant statute required N.G. to wait five years before seeking expungement. *Id.* However, the statute wasn't clear on when that waiting period began. *Id.* The trial court—believing the relevant five

years hadn't elapsed—denied the petition. *Id.* While N.G.'s appeal was pending, the legislature amended the statute "to alleviate the confusion and made the change effective immediately." *Id.* Under the updated version, N.G.'s expungement petition would have been granted. *Id.* Our Supreme Court held that the amendment was remedial because "it cured a mischief that existed in the prior statute, namely, confusion on when the waiting period begins for certain ex-offenders seeking expungement." *Id.* at 975.

[9] In the second case, *Martin v. State*, the question was whether Martin could receive credit for time served on home detention as a condition of his probation. 774 N.E.2d 43, 44 (Ind. 2002). The relevant statutes were silent on the matter, and there was a conflict of authority on the issue in this Court. *Id.* at 44-45. While Martin's appeal was pending, the legislature revised the statutes to explicitly provide probationers with home-detention credit. *Id.* at 44. Our Supreme Court held that the amendments were remedial:

> In light of the General Assembly's response, we conclude that the amendments are remedial in nature as they were intended to cure a defect that existed in prior statutes, namely: silence concerning whether a defendant was entitled to credit for time served on home detention as a condition of probation.

*Id.* at 45.

[10] Here, Lawrence argues, without much analysis, that the 2022 amendment to Section 35-47-2-1 is remedial. *See* Appellant's Br. p. 10. We disagree. The amendment was not intended to cure a defect in the statute. Before July 1,

2022, Section 35-47-2-1 required a license to carry a handgun; the amendment eliminated that requirement. Thus, the legislature reversed course on the license requirement, signaling a major change in Indiana's policy on handguns. The amendment did not clear up any confusion in a statute, like in *N.G.*, or address silence in a statute, like in *Martin*. And Lawrence doesn't cite a single case to support his argument that the 2022 amendment is remedial. Because the 2022 amendment to Section 35-47-2-1 is not remedial, it does not apply retroactively to Lawrence. We therefore affirm his conviction.

Affirmed.

Mathias, J., and Pyle, J., concur.