**DIAMOND LUMBER, INC., Plaintiff–Appellee,**

v.

**H.C.M.C., LTD.; Foster Petroleum Corporation; the First National Bank of Englewood; and the Public Trustee for Summit County, Colorado, Defendants–Appellees,**

**and**

**Richard T. Meyer; Adrienne Ewing–Meyer; Stephen F. McCormick; D. Gene Yergensen; Rosemarie Yergensen; W. Warren Fooshee; Marilee A. Fooshee; Steven W. Fooshee; Sylvia J. Fooshee; James E. Hereford, III; Cowella Ann Hereford; J. Herschell Beard; Sue J. Beard; David Scott Fooshee; Cynthia Lou Fooshee; Carl M. Korn; Betty J. Korn; Charles O. Newsom; Geneva A. Newsom; Redland Group, Inc.; Ava L. Allsman; Anchor Mortgage Services, Inc.; Silverado Banking, Savings & Loan Assn.; and Citicorp Homeowners, Inc., Intervenor Defendants–Appellants.**

No. 86CA0059.

Colorado Court of Appeals, Div. I.

Oct. 29, 1987.

Wells, Love and Scoby, David A. McKinley, Boulder, for plaintiff-appellee.

Duane L. Stromer, Dillon, for defendant-appellee H.C.M.C., Ltd.

Richmond and Canning, Mark Richmond, Frisco, for defendant-appellee Foster Petroleum Co.

Banta, Hoyt, Banta, Greene, Hannen & Everall, Richard J. Banta, Jane B. Garrow, Englewood, for defendant-appellee The First Nat. Bank of Englewood.

French, West, Wood & Brown, P.C., John Blair Wood, Breckenridge, for intervenor defendants-appellants.

PIERCE, Judge.

The purchasers and the financial institutions holding liens on the purchasers' interests in certain condominium units (intervenors) appeal a trial court order denying their motion for leave to intervene in a foreclosure action between plaintiff Diamond Lumber, Inc., and defendants, H.C.M.C., Ltd., Foster Petroleum Corporation, The First National Bank of Englewood, and the Public Trustee for Summit County, Colorado. We reverse and remand.

In May 1984, plaintiff filed an action seeking to foreclose an alleged mechanic's lien upon property owned by defendant H.C.M.C. The lien arose from a claim that H.C.M.C. failed to pay for materials supplied by plaintiff in connection with the construction of condominiums. Defendants denied any obligation to pay, and H.C.M.C. counter-claimed for losses caused by late deliveries. Trial was scheduled for November 13, 1985.

During the pendency of the proceedings, H.C.M.C. sold a number of the units to various intervenors. It is undisputed that, at the time of the purchases, plaintiff's lien was of record, and a lis pendens had been recorded.

In October 1985, plaintiff and defendants met to discuss possible settlement of the case. An agreement was reached which admitted the validity of the lien, gave H.C.M.C. a credit which was not applied to the

lien and dropped the counterclaim. The agreement was incorporated into a stipulation. Upon learning of the stipulation, intervenors immediately filed a motion for leave to intervene. The motion was denied as untimely, and judgment was entered upon the stipulation of the parties.

Intervenors contend that the trial court abused its discretion in denying their motion to intervene. Among other things, they argue that their interests were being adequately represented until the agreement between the parties was reached and that, therefore, the motion was timely filed upon learning of the stipulation. We agree with this contention.

C.R.C.P. 24(a) provides that:

"Upon *timely* application anyone shall be permitted to intervene in an action: ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

■ All three elements of the rule, *i.e.*, a property interest, an impairment in the ability to protect it, and inadequate representation, must be present in order to intervene. *See Dillon Companies, Inc. v. City of Boulder*, 183 Colo. 117, 515 P.2d 627 (1973). Timeliness, however, is a threshold question that must initially be determined. *See NAACP v. New York*, 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973).

Here, it is true that this lawsuit had been pending for more than 16 months, and that intervenors had actual knowledge of the pending lien prior to purchasing their interests in the subject property. However, at no point up to the time of the stipulation could the intervenors have satisfied the provisions of C.R.C.P. 24 so as to be able to intervene. To that point, their interests were being fully protected because the lien was being denied entirely and a counterclaim was being pursued to recover for other losses. The stipulation materially changed the posture of the lawsuit so that a judgment, based on the stipulation, would be considerably adverse to them. When this became evident, they promptly moved to intervene.

■ The point of progress in the lawsuit is only one factor to be considered and is not, in itself, determinative; the timeliness of the attempted intervention is to be gathered from all the circumstances in the case. *See NAACP v. New York, supra; see also Jones v. Caddo Parish School Board*, 735 F.2d 923 (5th Cir.1984); *In re Marriage of Guinn*, 522 P.2d 755 (Colo. App.1974) (not selected for official publication). Here, until the stipulation was a reality, intervenors had no ground to intervene, and, upon learning that their interests were not being adequately represented, they promptly applied for intervention. Therefore, the ruling that they had not timely applied was an abuse of discretion.

The order is reversed and the cause is remanded with directions that the trial court set aside the judgment entered on the stipulation and that it allow the intervenors to enter the lawsuit and protect their interests.

VAN CISE and BABCOCK, JJ., concur.