UNITED AIRLINES, INC., Intervenor
Plaintiff–Appellant,

v.

Donald SCHWESINGER,
Plaintiff–Appellee,

and

The Clarion Hotel Corporation, Investment Hotel Properties, Ltd., a Colorado limited partnership, A–F Property Partnership, a Colorado general partnership, Cambfs Company, an Ohio general partnership, Aircoa Equity Interest, Inc., a Colorado corporation, Aircoa Hospitality Services, Inc., a Delaware corporation, Defendants–Appellees.

No. 90CA0200.

Colorado Court of Appeals,
Div. II.

Jan. 31, 1991.

Glasman, Jaynes & McBride, Richard H. Glasman, Denver, for intervenor plaintiff-appellant.

Strohfus & Cook, Randy D. Kotel, Denver, for plaintiff-appellee and defendants-appellees.

Opinion by Judge SMITH.

Intervenor, United Airlines, Inc., (United) appeals from the summary judgment entered for plaintiff, Donald Schwesinger, dismissing its intervenor complaint. We reverse and remand with directions.

Plaintiff, an employee of United, filed a negligence action against defendant The Clarion Hotel Corp., and associated entities, for injuries he sustained while riding in defendant's van during the course of his employment. Counsel have advised this court that a settlement has been reached between plaintiff and The Clarion Hotel Corp. the details of which, and the extent of United's participation, if any, therein, are not before us.

United filed a motion and complaint for leave to intervene in this lawsuit pursuant to C.R.C.P. 24. United alleged that under the California Workers' Compensation Statute, the California Labor Code, and the parties employment contract, it had paid plaintiff medical benefits in excess of $10,-000 and wages of approximately $300,000. United further alleged that the statutes and the employment contract subrogate the employer to the rights of the plaintiff to the extent of payments made, thereby entitling United to recover these amounts from the defendant. United also alleged that its subrogation interest in the pending lawsuit was not being adequately represented.

In response, plaintiff moved for summary judgment of dismissal of United's subrogation claims on grounds that the trial court lacked subject matter jurisdiction. Plaintiff alleged that the amount to be reimbursed to United, if any, was dependent upon an interpretation of the parties' collective bargaining agreement, executed in accordance with the provisions of the Railway Labor Act, 45 U.S.C.A § 151 et seq. (1986) (Railway Act) Thus, plaintiff argues, United's claims constituted a "minor dispute" over which the "board of adjustment", established pursuant to the Railway Act, had exclusive jurisdiction.

The trial court, agreeing that United's subrogation claims constituted a "minor dispute" which must be resolved under the Railway Act, granted plaintiff's motion for summary judgment and dismissed United's intervenor complaint.

The sole issue raised on appeal is whether the trial court's order, granting plaintiff's motion for summary judgment and dismissing United's intervenor complaint, was in error.

Contrary to the assertions of plaintiff, accepted by the trial court, this lawsuit is *not* one to interpret the parties' collective bargaining agreement. An analysis of the collective bargaining agreement pursuant to the Railway Labor Act, is necessary only to determine the *nature* and *extent* of United's subrogation interest in any amounts recovered by the plaintiff. *See* 45 U.S.C.A. § 184 (1986); *Atchison, Topeka & Santa Fe Ry. Co. v. Buell*, 480 U.S. 557, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987).

Rather, this lawsuit *is* a tort action in which an employee seeks to recover damages from a third party, and in which an employer has intervened to protect its rights of subrogation, whatever they may subsequently be determined to be. Accordingly, interpretation of the collective bargaining agreement is, in this instance, only an *ancillary* issue to be determined after the instant lawsuit has been resolved, and then, only if that resolution reflects a recovery of damages by plaintiff. Consequently, C.R.C.P. 24 concerning intervention sets forth the determining factors which must govern our resolution of the issue before us on appeal.

Although United has moved to intervene under both C.R.C.P. 24(a) and (b), we conclude that it meets all the requirements of C.R.C.P. 24(a) and is thus entitled to intervention of right.

C.R.C.P. 24(a) provides in relevant part: "Upon timely application anyone shall be permitted to intervene in an action: ... [1] when the applicant claims an interest relating to the property or transaction which is the subject of the action and [2] he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, [3] unless the applicant's interest is adequately represented by existing parties."

All three requirements of the rule, that is, a property interest, an impairment in the ability to protect it, and inadequate representation, must be present in order to intervene. *Diamond Lumber, Inc. v. H.C.M.C., Ltd.*, 746 P.2d 76 (Colo.App.1987).

Here, plaintiff does not contest United's payment to him in excess of $10,000 for workmen's compensation medical benefits. Moreover, he admits that under the express terms of the parties' collective bargaining agreement, and the California Workers' Compensation Statute, United is entitled to reimbursement for these benefits.

Accordingly, it is undisputed that United has a subrogation claim in at least the amount of the medical benefits paid to plaintiff. Moreover, depending upon an interpretation of the collective bargaining agreement, United may have a subrogation right to the wages paid plaintiff during the period of his disability. However, regardless of the viability of this latter subrogation claim, we conclude that United's subrogation claim to workers' compensation medical benefits alone constitutes a sufficient property interest in the subject matter of the instant lawsuit to meet the first requirement of the rule.

Next, the nature of United's property interest is one which is entirely based on subrogation. Therefore, it is directly de-

pendent upon plaintiff's recovery against defendant. Thus, we conclude that because of the nature of its claim, United has, *ipso facto*, established the second requirement of C.R.C.P. 24(a).

Finally, because plaintiff admittedly has already recovered both medical benefits and wages from United, it is not unreasonable to conclude that, in the instant lawsuit, plaintiff might seek a settlement with defendant which does not include the recovery of these claims, or might not pursue, with appropriate zeal, recovery of those amounts which will ultimately have to be paid to United. Hence, we conclude that plaintiff's and United's interest in the damage recovery are potentially divergent and that United's interest in having medical expenses and lost wages proven may not be adequately represented by plaintiff.

As all three requirements of C.R.C.P. 24(a) are present, we conclude that United is entitled to intervene in the instant lawsuit to protect its subrogation claim to workers' compensation benefits as well as any additional subrogation rights it may have under the collective bargaining agreement. Thus, it was error for the trial court to dismiss United's intervenor complaint.

We also conclude that the Railway Act's preemption of the collective bargaining agreement issue regarding United's subrogation right to the wages it paid plaintiff is, under the circumstances here, analogous to the situation in which multiple plaintiffs in a lawsuit have agreed to submit to arbitration the division of any proceeds that may be recovered. In that case, the lawsuit proceeds, the liability of defendant is determined, and then arbitration must take place in order that the court may order the proper division of the proceeds. Likewise, here, resolution of the contract issues between plaintiff and United before the appropriate arbitration panel or "board of adjustment" designated in the Railway Labor Act is, indeed, a prerequisite to the court's ultimate division of any proceeds which may result from the entry of a judgment against defendant. The preemptive effect of the Act does not, however, deprive the court of jurisdiction to determine the liability of defendant or to assess damages. It affects only the division of proceeds.

Thus, we further conclude that the trial court may, after determination of the issues between plaintiffs and defendant, require plaintiff and United to obtain, from the Railway Labor Act Board of Adjustment, a resolution of any contract interpretation dispute affecting the extent of United's right to subrogation and that, upon receiving such determination, it may thereafter divide the damages recovered, if any, in accordance therewith.

The judgment is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

JONES and RULAND, JJ., concur.