The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
August 1, 2019

**2019COA121**

**No. 18CA1201, *Bolt Factory v. Auto-Owners Ins.* — Insurance — Settlement and Release Agreements; Civil Procedure — Intervention of Right**

A division of the court of appeals considers a common but novel issue not decided by a previous Colorado case: whether an insurer's interest is contingent, for purposes of a C.R.C.P. 24(a)(2) motion to intervene as a matter of right, where the insurer reserves the right to deny coverage. Because the insurer's interest here was contingent, the division concludes that the trial court properly denied the motion to intervene as a matter of right.

Court of Appeals No. 18CA1201
City and County of Denver District Court No. 16CV33608
Honorable J. Eric Elliff, Judge

Bolt Factory Lofts Owners Association Inc., a Colorado nonprofit corporation,

Plaintiff-Appellee,

v.

Auto-Owners Insurance Company,

Intervenor-Appellant.

ORDER AFFIRMED

Division VI
Opinion by JUDGE FOX
Freyre and Welling, JJ., concur

Announced August 1, 2019

Burg Simpson Eldredge Hersh & Jardine, P.C., Mari K. Perczak, Thomas W. Henderson, Joseph F. Smith, Nelson Boyle, Englewood, Colorado, for Plaintiff-Appellee

The Hustead Law Firm, A Professional Corporation, Patrick Q. Hustead, Connor L. Cantrell, Denver, Colorado, for Intervenor-Appellant

¶ 1     Insurer, Auto-Owners Insurance Company (AOIC), appeals the trial court's order denying its motion to intervene following a settlement agreement reached by its insured, Sierra Glass Co., Inc. (Sierra Glass), and plaintiff, Bolt Factory Loft Owners Association Inc. (the Association). We affirm the trial court's order.

## I.     Background

¶ 2     This insurance dispute originated from a construction defects case in which the Association sued six contractors for alleged construction defects at one of its Denver condominium projects. Two of those contractors then asserted negligence and breach of contract third-party claims against several subcontractors, including Sierra Glass, on November 7, 2016. Following a series of settlement agreements, the only remaining claims were those the Association, as assignee of the two contractors, asserted against Sierra Glass.

¶ 3     AOIC had issued insurance policies to Sierra Glass and defended Sierra Glass under a reservation of rights. AOIC refused to pay a $1.9 million settlement demand the Association presented to Sierra Glass on or about May 2, 2018. As a result, Sierra Glass entered into an agreement with the Association under which,

1

according to AOIC, Sierra Glass would refrain from offering a defense at trial (and the scheduled fifteen-day jury trial was reduced to a two-day bench trial) in exchange for the Association's promise that it would not pursue recovery against Sierra Glass. Sierra Glass also agreed to assign any bad faith claims it had against AOIC to the Association. AOIC learned of this agreement the day before the jury trial was scheduled to start on May 4, 2018.

¶ 4     On May 9, 2018, when the bench trial actually started, AOIC filed a motion to intervene, continue the trial, contest the settlement agreement, and protect its rights under the insurance policies. Following a hearing,[1] the trial court determined that the settlement agreement was valid under *Nunn v. Mid-Century Insurance Co.*, 244 P.3d 116 (Colo. 2010).[2] The court denied AOIC's motion to

---

[1] The hearing was held on May 9, 2018, before a different judge than the one assigned to try the case.

[2] In *Nunn v. Mid-Century Insurance Co.*, our supreme court sanctioned an agreement between a plaintiff and a defendant-insured under the following circumstances:

> [W]hen it appears that the insurer — who has exclusive control over the defense and settlement of claims pursuant to the insurance contract — has acted unreasonably by refusing to defend its insured or refusing a settlement

intervene, concluding that AOIC's claims were contingent on the outcome of trial and that AOIC could test coverage issues in a subsequent declaratory judgment action.

¶ 5    During the bench trial, the Association called four witnesses and delivered opening and closing statements.  Sierra Glass did not present a defense.  The trial court found in favor of the Association and entered a judgment for $2,489,021.91.

¶ 6    The Association then obtained a writ of garnishment against AOIC, and AOIC removed that action to federal district court.  On June 11, 2019, the district court stayed the motion for garnishment

---

offer that would avoid any possibility of excess liability for its insured, the insured may take steps to protect itself from potential exposure to such liability.  One way for an insured to protect itself is through the use of an agreement whereby the insured assigns its bad faith claims to the third party, and in exchange the third party agrees to pursue the insurer directly for payment of the excess judgment rather than the insured.

244 P.3d 116, 119 (Colo. 2010) (first citing *Old Republic Ins. Co. v. Ross*, 180 P.3d 427, 433-34 (Colo. 2008); and then citing *Northland Ins. Co. v. Bashor*, 177 Colo. 463, 466, 494 P.2d 1291, 1294 (1972)).  A *Nunn* agreement thus allows an insured to "take affirmative steps to avoid the potentially disastrous effects of its insurer's bad faith."  *Id.* at 122.

pending the resolution of this appeal challenging the trial court's denial of its motion to intervene.  AOIC also filed a declaratory judgment action in federal district court against Sierra Glass seeking a declaration that (1) it did not owe obligations or payments under the insurance policies; (2) Sierra Glass breached the policy by failing to cooperate with AOIC; and (3) the state court judgment is not enforceable.  The Association and Sierra Glass asserted counterclaims for breach of contract and third-party statutory and common law bad faith claims.  Because of this pending appeal, the federal district court dismissed the declaratory relief claim and the counterclaims without prejudice.

## II.    Jurisdiction

¶ 7     We first conclude that our jurisdiction over this appeal is proper.  While there was a question if the removal of the garnishment action to federal district court constituted a removal of the entire case, *see* 28 U.S.C. § 1446(d) (2018) (after filing a notice of removal of a civil action, the state court shall proceed no further), the garnishment action is a separate proceeding and the federal district court has stayed the proceeding.  Therefore, we have jurisdiction over the appeal of this proceeding.  *See Mascarenas*

*Enters., Inc. v. City of Albuquerque*, 494 F. App'x 846, 850 (10th Cir. 2012) ("Removal of a state court case to federal court takes that case out of the state court's reach unless and until it is returned to the state court." (citing 28 U.S.C. § 1446(d))).

## III.   Procedural Defect

¶ 8     We now turn to whether AOIC's motion to intervene was procedurally defective.  C.R.C.P. 24(c) provides that a motion to intervene "shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought."  But, where a party's motion states the grounds and facts upon which intervention is sought and the opposing party is given a fair opportunity to respond, a failure to comply precisely with the rule is not detrimental to the opposing party's substantial rights.  *Weston v. T & T, LLC*, 271 P.3d 552, 555-56 (Colo. App. 2011) (concluding that a trial court has discretion to determine whether a would-be intervenor has satisfied the procedural requirements of Rule 24(c), and whether to permit intervention on a procedurally defective motion).  While it is undisputed that AOIC's motion was not accompanied by a pleading and so did not comply with Rule 24(c), AOIC's motion to intervene detailed the basis for the requested

5

intervention, and the Association was able to respond at the hearing. Thus, the trial court did not abuse its discretion in considering the procedurally defective motion. *Id.* at 556.

## IV. Motion to Intervene

¶ 9 AOIC contends that the trial court erred in denying its motion to intervene because it met all three requirements for intervention as a matter of right.[3] We disagree.

## A. Standard of Review and Applicable Law

¶ 10 We review de novo the denial of a motion to intervene as of right under C.R.C.P. 24(a). *Feigin v. Alexa Grp., Ltd.*, 19 P.3d 23, 28 (Colo. 2001).

¶ 11 Rule 24(a)(2) provides for intervention as a matter of right where (1) the applicant claims an interest in the subject matter of the litigation; (2) disposition of the action may impair or impede the applicant's ability to protect that interest; and (3) the applicant's

---

[3] Though AOIC's briefs attack the validity of the *Nunn* agreement, they do not argue that we should decide its validity, and so we do not address the issue. *See* C.A.R. 28(a)(4) (appellant's brief must contain statement of the issues presented for review). And to the extent the parties challenge certain attachments as not being part of the record, there is no dispute that AOIC issued a reservation of rights letter, and the record contains ample references thereto.

interest is not adequately represented by existing parties. *Id.* at 26.[4] While "Rule 24 should be liberally interpreted to allow, whenever possible and compatible with efficiency and due process, issues related to the same transaction to be resolved in the same lawsuit and at the trial court level," *Feigin*, 19 P.3d at 26, every element must be satisfied, and the failure to satisfy one element of Rule 24(a)(2) precludes a motion to intervene as of right, *see Diamond Lumber, Inc. v. H.C.M.C., Ltd.*, 746 P.2d 76, 78 (Colo. App. 1987).

## B. Interest in the Litigation

¶ 12 In determining whether one has an interest in intervening under Rule 24(a)(2), Colorado courts take a "flexible approach." *Feigin*, 19 P.3d at 29. "The existence of an interest 'should be determined in a liberal manner.' The interest prong 'is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and

---

[4] Timeliness is a threshold question in considering a motion to intervene. *Law Offices of Andrew L. Quiat, P.C. v. Ellithorpe*, 917 P.2d 300, 303 (Colo. App. 1995). Because timeliness is not challenged on appeal, and because the intervention was denied on other grounds, we consider the merits of AOIC's claim.

due process.'"  *Cherokee Metro. Dist. v. Meridian Serv. Metro. Dist.*, 266 P.3d 401, 404 (Colo. 2011) (citations omitted).

¶ 13　But, if the interest is contingent, it may be insufficient to warrant intervention.  *See J.E.S. v. F.F.*, 762 P.2d 703, 706 (Colo. App. 1988) (concluding that a department of social services' interest in support obligations owed to a child was contingent on the paternity action); *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 875 (2d Cir. 1984) (affirming denial of motion to intervene where insurer's interest depended on two contingencies).

¶ 14　Where an insurer reserves the right to deny coverage, "the insurer's interest in the liability phase of the proceeding is contingent on the resolution of the coverage issue."  *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989);[5] *see also*

---

[5] AOIC argues that Colorado's duty to defend scheme and regulatory framework for bad faith necessarily conflicts with *Travelers Indemnity Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989), but we agree with the Association's position that this interpretation runs contrary to *Nunn*, which specifically allows an insured to protect itself when an insurer balks at its duty to settle. *See also Arline v. Am. Family Mut. Ins. Co.*, 2018 COA 82, ¶ 19 ("Colorado public policy favors the settlement of disputes when the settlement is fairly reached.").

*Restor-A-Dent Dental Labs.*, 725 F.2d at 874-76. *But see Design Basics, LLC v. Estate of Aus*, No. 12-2437-JPO, 2014 WL 65754, at *3 (D. Kan. Jan. 8, 2014) (granting insurers' motions to intervene following *City of Stilwell v. Ozarks Rural Electric Cooperative Corp.*, 79 F.3d 1038 (10th Cir. 1996), and rejecting other circuits' strict views to conclude that not every contingent interest fails to satisfy Fed. R. Civ. P. 24(a)(2), and noting that, while the insurers are affected only if there were coverage for the injured party's claims, denying intervention would increase the likelihood of an adverse impact on the insurers). A reservation of rights is typically considered to be a contingent interest because "an insurer who reserves the right to deny coverage cannot control the defense of a lawsuit brought against its insured by an injured party." *Dingwell*, 884 F.2d at 639 ("Allowing the insurer to intervene to protect its contingent interest would allow it to interfere with and in effect control the defense. Such intervention would unfairly restrict the insured, who faces the very real risk of an uninsured liability, and grant the insurer 'a double bite at escaping liability.'") (citation omitted).

¶ 15     Here, it is undisputed that AOIC reserved the right to deny coverage. Thus, its interest in the litigation was contingent on the liability phase of the proceedings and so it failed to satisfy prong one of Rule 24(a)(2). *See Dingwell*, 884 F.2d at 638; *J.E.S.*, 762 P.2d at 706. While AOIC asserts that the *Nunn* agreement negated the liability phase, such agreements are allowed in Colorado, and Sierra Glass was entitled to protect itself in the face of AOIC's potential denial of coverage and refusal to settle. *See Nunn*, 244 P.3d at 119. Because AOIC failed to meet the first prong of Rule 24(a)(2), the court properly denied its motion to intervene. *See Diamond Lumber*, 746 P.2d at 78.[6]

---

[6] We also agree with the trial court's conclusion that AOIC can sufficiently protect its interests in a subsequent declaratory judgment action regarding coverage. AOIC's initial filing was dismissed without prejudice thus it can reassert the claims once these state court appellate proceedings have concluded. *Cf. Mauro v. State Farm Mut. Auto. Ins. Co.*, 2013 COA 117, ¶ 17 (concluding that insurer had no other alternative to challenge a protective order than to request intervention). Moreover, if AOIC believes the settlement between Sierra Glass and the Association was collusive, it can challenge that in the coverage case. *See Sidman v. Travelers Cas. & Sur.*, 841 F.3d 1197, 1203-04 (11th Cir. 2016) (concluding that insurer was not bound by settlement agreement between insured and injured party where the agreement was produced through fraud or collusion); *see also Nunn*, 244 P.3d at 123.

## V.    Conclusion

¶ 16    We affirm the trial court's order denying AOIC's motion to intervene.

JUDGE FREYRE and JUDGE WELLING concur.